Stephenson, J.
 

 Counsel for the Bailway Company claim that the judgment of the Court of Appeals, wherein it reversed the judgment of the Court of Common Pleas
 
 for error in the charge to the jury,
 
 was not justified; that such judgment was not justified because at the conclusion of all the evidence the trial court stated to the jury that the Bailway Company admitted liability, and thus at the outset of the charge to the jury it was clearly and unequivocably indicated by the trial court that the verdict should be in favor of Helen Kozlowski if she proved that she sustained
 
 *449
 
 any injuries of any kind whatsoever as a result of the admitted liability of the Railway Company.
 

 It is further insisted that the Court of Appeals had no right to single out two isolated parts of the charge of the trial court and predicate a reversal thereon; that the charge of the trial court, taken by “its four corners”, was clear and non-prejudicial; that Helen Kozlowski’s counsel was derelict in his duty when the court at the close of the general charge invited suggestions and he failed to make any suggestion for modification, addition or correction of the charge.
 

 Every action for personal injuries is like the proverbial tub, “It stands on its own bottom.” Incidents creep into almost every personal injury case that differentiate it from most personal injury cases.
 

 The trial court entered upon his general charge to the jury with the admission in the record of liability on the part of the street railway company. What was his duty with reference to the scope of his charge? Any admission suggested the elimination process. An admission of liability in a personal injury case sends the pleadings to the four winds, except as to the nature and scope of the injuries, on the one side, and the denial thereof, on the other. Negligence and proximate cause go out of the case as if by magic, and nothing remains for the jury to do except fix the amount of damage. This is the sole and only issue left in the case. In the face of the admission of liability in this case the “two issue rule”, as announced in
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, is not involved.
 

 It is the duty of the trial court to enumerate and define the issues, and counsel owes no duty to hang on his heels to see that the issues are properly enumerated and defined. Counsel can content himself with a general exception to the charge.
 

 Reviewing courts are restricted by statute in their liberality toward the general charge of the trial court to the jury. Section 11561, General Code, reads:
 

 
 *450
 

 “A
 
 general exception taken to a charge of a court to a jury shall apply to all errors of law which exist in such charge that are material and prejudicial to the substantial rights of the party excepting.”
 

 We are in perfect accord with the many holdings of this court to the effect that, counsel cannot stand by and watch the . court omit germane principles of law from his general charge and save his question by a general exception to the charge of the court. These holdings do not entail upon counsel the duty of standing by while the charge of the court is being delivered, and then immediately pointing out the errors of commission, with a request to the court to cure them. That is just the trouble in the -case before us. The error is not predicated upon any error of omission. The error lay in injecting matter of law into the charge that should not have been there.
 

 It is insisted that the charge taken as a whole is not prejudicial to the substantial rights of Helen Kozlowski, and that she cannot get under the wing of Section 11561, General Code.
 

 Let us see. Whát are her substantial rights? She most assuredly had the right to have the issues in her case pointed out and defined to the jury, and to have the burden of proof properly placed and defined. Negligence and proximate cause were not in the case at all. She was not required to prove facts that were admitted, although the trial court in his charge said that she was. While this may have been a slip of the tongue, it went to the jury and it is a part of the record.
 

 The other alleged infirmity, while not so serious, may have had the effect of misleading the jury. The real issue was the scope and nature of the injuries, so far as Helen Kozlowski was concerned. The court used emphatic language in this regard. He said:
 

 “The
 
 real question *
 
 * * is this: ‘Was this
 
 *451
 
 accident upon the street car the cause of her
 
 hawing a hemorrhage,
 
 if she did have one?’
 

 The
 
 real question
 
 was the question above all others with which the jury was concerned. If the jury could propérly ascertain and properly answer the real question, then all other questions would sink into utter insignificance: If there had been no other injuries, this language would not have hurt; but there were.
 

 We think the Court of Appeals gauged this part of the charge correctly when it said in the opinion:
 

 “Certainly the effect of this charge was to minimize unduly the claims of the plaintiff as to the other injuries. The jury, had it not been for this statement of the court, might have found that the hemorrhage was not.caused by the accident, but that the plaintiff did sustain, as a direct result of defendant’s negligence, other injuries of a lesser nature. We think that in using the above quoted language the court singled out the greater injury claimed and by so doing greatly minimized the lesser injuries and that this was prejudicial error.”
 

 We hold that where the trial court in its general charge to the jury improperly and erroneously defines the issues in the case, or improperly and erroneously places and defines the burden of proof, substantial rights of the litigant are thereby invaded, prejudice is presumed therefrom, and the error is saved by a general exception to the charge of the court.
 

 We see no error in the judgment of the Court of Appeals, and its judgment herein is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.