*529
 
 Hart, J.
 

 For the purpose of clarity and to avoid confusion in the course of this opinion the parties will be referred to as designated in the trial court.
 

 The Court of Appeals reversed the judgment of the Common Pleas Court for the sole reason that the latter court “committed prejudicial error in overruling the demurrer of the defendant to the introduction of evidence in said cause.” The reason assigned by the Court of Appeals in its opinion for holding that defendant’s motion should have been sustained, is that “the petition
 
 * * *
 
 did not set forth facts which, with the inferences properly deducible therefrom, showed any claim of liability for the maintenance of a nuisance in the street, and for that reason the petition did not state facts sufficient to constitute a cause of action.” In other paragraphs of its opinion, the court specifically sets out what it regarded the infirmities of the petition to be, in that “there were no
 
 *
 
 * * allegations in the petition to indicate whether the liability sought to be enforced against the municipal corporation was a liability based upon negligence, as such, or upon the maintenance of a nuisance in the street”; that the plaintiff ‘ ‘ charged that the city in repairing the street, which it had a right to do, rendered the street ‘unfit for vehicle passage’ and was negligent in failing to place adequate lights ‘to apprise the public of the dangerous condition of the highway’ ”; that “the nature of the repairs are not set forth, and the condition of the street is not described except as to characterize it as unfit for travel and dangerous”; that “no facts are given which would enable one to form an opinion as to whether the situation was such as to constitute a nuisance”; that “while negligence may frequently constitute an element of nuisance, usually there are other elements which must be taken into consideration in determining whether a nuisance exists, such as locality, surroundings, methods, degree of danger, conditions made necessary by the topography of the terrain, and
 
 *530
 
 the custom of the community”; that “where negligence is involved, the existence of a nuisance does not rest upon the degree of care used, but rather upon the degree of danger existing if due care is not exercised”; and that that “degree depends on circumstances, and in an action for nuisance the circumstances must' be plead. ’ ’
 

 Since the petition discloses that the cause of the accident and injury to the plaintiff grew out of the condition of a public street and the repair being made thereon by the city — a purely governmental function and responsibility — liability against it, if any, must be predicated upon nuisance under Section 3714, General Code.
 
 City of Wooster
 
 v.
 
 Arbenz,
 
 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518;
 
 Selden
 
 v.
 
 City of Cuyahoga Falls,
 
 132 Ohio St., 223, 6 N. E. (2d), 976.
 

 Defendant did not complain of the sufficiency of plaintiff’s petition by motion to make definite and certain or by demurrer, but pleaded over by filing an answer in which it assumed that plaintiff’s petition charged the defendant with the maintenance of a nuisance in the public street by alleging that “if it should be shown that this defendant was in any manner remiss in its duty as prescribed by Section 3714, General Code, the truth of which it specifically denies, then and in that event plaintiff was guilty of negligence
 
 * * *
 
 in that plaintiff failed to observe said defective condition, if any, which failure proximately caused her injuries, if any, which she claims to have suffered by the reason of the facts set forth in the petition.”
 

 It must also be remembered that when counsel for defendant for the first time at the trial, after the jury had been sworn, objected “to the introduction of any testimony for the reason that the petition is faulty,” and asked “the court to direct a verdict for the defendant, ’ ’ they did not withdraw the answer and, so far as the record discloses, did not indicate wherein the petition was faulty. The court overruled the objection.
 

 
 *531
 
 The function of the pleadings in the trial of a cause is to apprise the court and the parties of the respective grounds of the controversy, furnish the question to he tried, and determine the nature and scope of the trial. A demurrer, of course, admits all facts well pleaded. Some faults that render a pleading demurrable are thus aided or remedied by pleading over without demurrer. All formal defects are thus aided. A demurrer searches the record and the court is bound to examine the whole record before giving judgment in any case on a demurrer. Sometimes a defect in substance is aided by the pleading of the other party. For instance, if a petition omits a material fact and the answer alleges such fact the defect is cured; and when a party by answering a pleading admits it to be good in substance and admits he understands it, he ought not, thereafter, object to a want of form, that, as to him, was not essential for the purpose of justice. Phillips Code Pleading (2 Ed.), 80, Section 94.
 

 The essentials of plaintiff’s cause of action are the existence of a right, the invasions thereof and resulting damage. Plaintiff’s petition in this case, plus the answer of the defendant, in the opinion of this court, sets out and sufficiently advises the defendant of the essential elements of plaintiff’s cause of action. Succinctly, the allegations are that Wilbeth road in the city of Akron is a public dedicated highway, which casts upon the city by virtue of Section 3714, General Code, the obligation to keep it open, in repair and free from nuisance ; that the plaintiff at the time of her accident was exercising her right in the lawful use of such street; that the city of Akron, itself, in attempting to repair such street was guilty of gross neglect in disturbing the surface of the street so as to render it unfit for vehicular passage; that no sufficient notice of its unfit condition was given to plaintiff, the city having placed at the side of the street but one small light which was inadequate to apprise the public of the dangerous condi
 
 *532
 
 tion of the street at a time when the street was in darkness; and that the automobile in which plaintiff was riding was overturned because of the negligence of the city in permitting the street to be in bad condition, resulting in severe injuries to plaintiff to her great damage. Defendant in its answer denied that it was remiss in its duty as to such street as prescribed by the nuisance statute imposing upon it the duty to keep the street in question open, in repair and free from nuisance.
 

 It was not necessary for the plaintiff to specifically designate the petition as one charging nuisance. ' The statement of facts alleged in the petition may have been meager, inartful and subject to motion on the part of the defendant if it had desired more detailed information, but it is apparent that the defendant recognized in the facts stated a statement of a cause of action for nuisance.
 

 A similar situation was presented in the case of
 
 Village of Cardington
 
 v.
 
 Admr. of Fredericks,
 
 46 Ohio St., 442, 21 N. E., 766. In that case the court held “An’ action against an incorporated village founded upon a petition alleging in substance that a- street much used by citizens and the public, was so unskillfully and negligently constructed and left by the defendant as to be in an unsafe and dangerous condition, and allowed to become out of repair and obstructed by the rubbish and refuse of the village, so that it was highly dangerous, and that the plaintiff, while lawfully passing along the street, accidentally and without fault or negligence on her part, was precipitated down an embankment, whereby she was greatly bruised and injured, fo.r which damages she asks judgment, is an action ‘for a nuisance’ * *
 

 The rule in-this regard is stated in 31 Ohio Jurisprudence, 598, Section 58, as follows: “In other words, a petition states a good cause of action if its allegations can be fairly construed to show any dereliction of the
 
 *533
 
 duty defined by the statute, proximately resulting in injury and damage to the plaintiff, without pleading the terms of the statute. A petition which contains all the facts necessary to bring the plaintiff within the rights granted by statute is good even though it avers other, but not contradictory, facts, not necessary to the right of recovery. In such cases the additional facts will be regarded as surplusage, and need not be established on the trial.”
 

 An examination of the record of the evidence submitted in the instant case shows that it was all properly admissible under the allegations of the pleadings; that no evidence was excluded because of the state of the pleadings; and that neither party was handicapped or prejudiced because of pleadings. The defendant does not and could not claim that it was insufficiently informed as to the facts, or that it met surprise against which it was unable to defend. In fact, if this case were to be retried, and the petition reformed, as it could be reformed under the facts proven in the record, the same evidence could again be introduced. The case was tried throughout, including the charge of the court to the jury, on the theory of nuisance. The record shows no prejudice to the defendant and therefore the judgment of the trial court should have been affirmed.-
 

 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Turner, Williams and Matthias, JJ., concur.