Weygandt, C. J.
The single assignment of error requiring the consideration of this court is the contention that the trial court committed prejudicial error in *3 the following charge to the jury on the subject of damages:
“Damages in this case is [sic] the reasonable cost of restoration, reasonable expense of putting the building. in as good condition as the same was prior to the collision, plus the reasonable compensation for any loss of use of any part of the property between the time of injury and the time of restoration; and that means simply the reasonable cost of restoration to its original condition, plus reasonable compensation for such loss of use, if any. It may include such other damages claimed in the petition which may incidentally flow from the collision as a proximate result thereof; and it may include loss of enjoyment of the use of part of the building while such interruption continued, but of course should be commensurate with the value of such use to the plaintiff during the period of interruption.”
Concerning this charge the opinion of the Court of Appeals contains the following statement:
“We are of the opinion that the court did commit error, as claimed by defendant-appellant, for the reason that he did not limit the restoration to a reasonable time after the damages to said property, in compliance with the rule set forth in Hayes Freight Lines, Inc., v. Tarver, 148 Ohio State, page 82, the third branch of the syllabus of which is as follows:
“ ‘3. Where the owner of a motor vehicle seeks to recover the loss of the use of such vehicle damaged through the negligent acts of another, he must allege and there must be proof that his damaged vehicle is reasonably capable of being repaired within a reasonable period of time after its damage, and the burden of proving such facts rests upon him. ’
“It appears from the record that it was about nine months before the restoration of this property to its former condition. However, there was testimony on *4 behalf of both the plaintiff-appellee and defendant-appellant that it was hard to get materials at that time, and that was a good reason for the delay.
“Since the verdict was only $625 and there was evidence in the record that expense was incurred in the sum of $195 for repairs and that it would take at least $700 to restore the building to the condition as it existed prior to said accident, and that a general verdict was rendered in this ease, no interrogatories having been submitted to the jury, this court does not know whether or not any sum of money was considered by the jury for loss of use of said premises, and therefore the error of the court was not prejudicial in charging as he did for the loss sustained in connection with the use of the property.
“ ‘The rule is well established in Ohio that where the jury returns a general verdict in a case involving two or more issues, a finding upon any one of which in favor of the successful party would entitle him to judgment if the record does not disclose affirmatively by answers to interrogatories, or otherwise, upon which issue such verdict was based, the judgment will not be reversed if no error appears as to any one or more of them although there may be error as to other issues.’ Moody v. Vickers, 79 Ohio Appellate Reports, page 229.”
This court concurs in the holding of the Court of Appeals that the charge was erroneous. However, this court does not share the view that the error was not prejudicial and that the two-issue rule applies.
In the first place, in the plaintiff’s petition she limits her claim for loss of use to a period of five weeks following the collision, but the trial court permitted the introduction of evidence covering a period of nine months — more than seven times the length of time pleaded in the petition — and in the charge the court *5 instructed the jury that it was proper for it to consider the much longer period. A careful study of the record discloses no request by the plaintiff for leave to amend her petition to conform to her proof.
Furthermore, the only way the Court of Appeals could sustain the judgment was by the application of the controversial two-issue rule to the issue of damage. Was this error?
In several cases this court has expressed the view that this rule should not be extended but should be limited to separate and distinct issues such as the negligence of the defendant and the contributory negligence of the plaintiff. For example, in the syllabus in the recent decision of this court in the case of Readnour v. Cincinnati Street Ry. Co., 154 Ohio St., 69, 93 N. E. (2d), 587, it was held:
“The two-issue rule announced in the case of Sites v. Haverstick, 23 Ohio St., 626, is not applicable to separately stated specifications of negligence involving a single cause of action and damage. (Paragraph two of the syllabus in the case of H. E. Culbertson Co. v. Warden, 123 Ohio St., 297, approved and followed.)”
And in the first paragraph of the syllabus in the case of Cleveland Ry. Co. v. Kozlowshi, 128 Ohio St., 445, 191 N. E., 787, this court held:
“1. "Where liability is admitted in a personal injury case, the only remaining issue is the nature and extent of injury as determinative of the amount of damages to be allowed.” (Italics supplied.)
In the instant case the “issue” as to the “nature and extent of injury as determinative of the amount of damages to be allowed” is alleged by the plaintiff to consist of two elements or items — the cost of repairs and the loss of use. Reasoning by analogy, the Court of Appeals based its decision on another lower court opinion in which it was held that different speci *6 fications of negligence constitute different issues. This is the only authority cited and is, of course, at variance with the settled rule of this court.
The defendant contends that if different elements or items of damage were regarded as different issues, a defendant would be deprived of the right of an effective appeal for excessiveness of the verdict due to error in the charge on that subject in such cases.
In any event this court is of the opinion that, as in the matter of different specifications of negligence, it would prove confusing and dangerous if each element or item of damage were to be considered as presenting a different issue and thereby warranting the application of the two-issue rule when such a charge is found to be correct in part and erroneous in part.
Hence, the judgment is reversed for prejudicial error in the charge on the issue of damages, and the cause is remanded for a retrial.

Judgment reversed.

Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.