CONNER, APPELLEE, *v.* REPUBLIC LIGHT & FURNITURE
CO., APPELLANT, ET AL.

(No. 7711—Decided April 13, 1953.)

*Messrs. Bradley, Foiles & Saeman,* for appellee.
*Messrs. Paxton & Seasongood,* for appellant.

MATTHEWS, P. J. This is an appeal from a judgment of the Municipal Court of Cincinnati. The appeal is by The Republic Light & Furniture Company. Its codefendant did not appeal from the judgment against it.

The appeal was, in form, on questions of law and fact and an appeal bond was given. On motion, the appeal was reduced to one on questions of law.

The plaintiff alleged in his bill of particulars or petition that he had purchased a Norge electric refrigerator from the defendant The Republic Light & Furniture Company and had given his note for $282.25 therefor, secured by a chattel mortgage thereon; that as an inducement to said purchase The Republic Light & Furniture Company represented that the refrigerator had a freezing compartment capable of holding and freezing 35 to 40 pounds of foodstuff; that when he commenced to use it, he discovered that it would not freeze any food in the compartment; and that upon

making such discovery, he elected to rescind the contract and demanded that the seller accept return of the refrigerator and restore the *status quo*.

The plaintiff alleged also that the note and mortgage were in the possession of Welfare Finance Company, upon whom he had made demand that the note and mortgage be cancelled, to which demand it had refused to accede.

The plaintiff prayed that "his rescission of the sale be absolute; that the said note and mortgage * * * be cancelled." No other relief was sought.

The Republic Light & Furniture Company answered, admitting the sale and denying all other allegations.

Welfare Finance Company, by answer, admitted it was the holder of the note and chattel mortgage and denied all other allegations. By cross-petition, it alleged its ownership of the note and that it had acquired it before maturity in the regular course of business for a valuable consideration without notice of any defect, and that the note was due and unpaid. It prayed for judgment for $282.25, the amount of the note. There was no prayer for a foreclosure of the mortgage.

The plaintiff's reply placed the affirmative allegations of the answer and cross-petition in issue.

The case went to trial on these pleadings.

Upon conclusion of the trial, the court found on the issues raised by the plaintiff's petition in favor of the plaintiff and declared the sale rescinded. On consideration of the cross-petition, the court found also for the plaintiff and granted "judgment for the plaintiff Nelson Conner on said cross-petition at the costs of the defendants."

The Republic Light & Furniture Company filed a motion for a new trial, which was overruled. Thereupon, it filed its notice of appeal on questions of law and fact and gave its appeal bond.

At no time before, at, during, or after the trial did either defendant challenge the jurisdiction of the court to hear and determine this action. It was not until the first call of this appeal in this court that the question of the trial court's jurisdiction was raised with the result that the appeal was reduced to one on questions of law only because of the conclusion of this court that the Municipal Court did not have jurisdiction under Section 1594, General Code, of an action in which the only relief sought was rescission and cancellation of a contract and that, therefore, the appeal could be on questions of law only.

(1) The defendant The Republic Light & Furniture Company now asserts on this appeal for the first time that the entire judgment is beyond the jurisdiction of the court, and, for that reason, void. That contention is based on subdivision (C) of Section 1594, General Code, which reads:

"(C) In any action at law based on contract, the court shall have jurisdiction to determine, preserve, and enforce all rights, legal and equitable, involved therein, and to decree an accounting, reformation, or cancellation of the contract, and to bear [hear] and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto."

It will be noted at once that the jurisdiction conferred is limited to actions at law, based on contract. In such actions broad power is conferred upon Municipal Courts to grant full relief, including equitable relief, even reformation and cancellation of the contract upon which the action is based. But to clothe the court with this power, the action not only must be legal in its nature but must also be *ex contractu*. That is, the action remains one at law, notwithstanding incidental equitable relief may be granted. A reference to the allegations and prayer of the

petition in this case is sufficient to disclose that it presents no such cause and seeks no such relief. It alleges a cause of action disaffirming the contract and prays for no legal relief. The only relief sought is equitable, that is the rescission and cancellation of the contract.

So, had the jurisdiction of the court been raised by a demurrer or other attack on the petition on the ground that the court had no jurisdiction of the cause, the court would have sustained the contention. Whether it could have been cured by amendment at that stage, we need not stop to consider.

Instead of raising the issue the defendant saw fit to answer, raising issues of fact which have been tried and judgment rendered. That presents a different situation.

The defendant Welfare Finance Company filed a cross-petition asking for a money judgment upon the note which was one of the written instruments the plaintiff sought to have cancelled. Jurisdiction over actions for judgments for money not exceeding $2,000 is expressly conferred by Section 1593, General Code.

It is a familiar rule that a defective petition may be aided by the allegations of an answer or other pleading. 31 Ohio Jurisprudence, 625, Section 78. Under this rule, jurisdictional facts may be supplied by other pleadings. *Gerend* v. *Akron,* 137 Ohio St., 527, 30 N. E. (2d), 987; 41 American Jurisprudence, 498, Section 301. This rule, it seems to us, bears an analogy to the situation here presented. Where, by other pleadings, relief in due form is invoked within the court's jurisdiction, such relief is not withheld because of the failure of the prior ineffective attempt.

By its cross-petition, the Welfare Finance Company prayed for relief which was within the power of the court to grant. The decision was adverse. Its prayer for a money judgment was denied, but no appeal was taken by it. Had Welfare Finance Company

succeeded in obtaining the judgment for which it prayed, neither its codefendant nor the plaintiff could have been heard to say that the court had no jurisdiction. And so long as the judgment remained unreversed, it would be conclusive as to the ownership of the note and mortgage and their validity. A contrary judgment is equally conclusive.

We find that on the state of the pleadings at the time of trial, to determine the issues raised and to give the appropriate relief, required the court to exercise the jurisdiction conferred by subdivision (C) of Section 1594, General Code.

This appeal is by The Republic Light & Furniture Company. It is trite to say that for it to secure a reversal of this judgment, it must show that its rights were prejudiced thereby. Now assuming error, was The Republic Light & Furniture Company prejudiced thereby? It certainly was not prejudiced by the failure of Welfare Finance Company to obtain a judgment on the note. As it had endorsed the note without recourse, it was not prejudiced by the order directing its cancellation, or at least no prejudice has been shown.

Furthermore, as already indicated, we are of the opinion that on the state of the pleadings at the time of trial, the court had full jurisdiction under Section 1594, General Code, to decide that the note and mortgage should be cancelled and to so adjudge.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.