JARVIS, APPELLEE, *v.* HALL, APPELLANT.

[Cite as Jarvis v. Hall, 3 Ohio App. 2d 321.]

(No. 768—Decided December 28, 1964.)

*Messrs. Bannon, Howland, McCurdy & Dever,* for appellee.
*Messrs. Miller, Searl & Fitch,* for appellant.

COLLIER, P. J. This action was commenced in the Common Pleas Court of Scioto County by Gladys Jarvis against Clell Hall seeking damages for personal injuries alleged to have been sustained in an automobile collision on December 16, 1961, in the city of Portsmouth. The parties will be referred to herein as the plaintiff and defendant in the same relation they appeared in the trial court.

The petition alleges in substance that the plaintiff was operating her husband's automobile in a westerly direction on Gallia Street, that she stopped for a traffic control light; that the defendant was operating his automobile on the same street in the opposite direction, under the influence of alcohol; that defendant crossed the center of the street and collided with the automobile the plaintiff was driving; and that as a result of

defendant's negligent act plaintiff sustained serious and permanent injuries.

The defendant filed an answer admitting the collision but denying all other allegations of the petition. The case came on for trial on January 30, 1964, and on that date the defendant was granted permission to amend his answer, admitting that defendant was negligent in driving his automobile on the left of the center line of the highway and that such negligence was the proximate cause of the collision of the two vehicles. In other words, the defendant admitted liability, leaving the question of damages, if any, the only issue to be determined by the jury.

The trial by jury resulted in a verdict in favor of the plaintiff in the sum of $5,000 upon which judgment was entered, the motion for a new trial was overruled, and the defendant now seeks a reversal of the judgment.

Under the first assignment of error the defendant claims that the court erred in overruling defendant's motion to withdraw a juror and declare a mistrial. The record shows that before the jury was empanelled and after the defendant had been granted permission to amend his answer admitting liability, counsel for plaintiff inquired whether the defendant would admit that the defendant was driving his automobile under the influence of alcohol. Upon receiving a negative reply, the plaintiff made a motion to amend her petition to include in the prayer of the petition a sum for punitive damages because of the operation of the automobile under the influence of alcohol. This motion was overruled.

The plaintiff began the introduction of testimony by calling the defendant for the purpose of cross-examination. So far as pertinent to this assignment of error the record reads:

"Q. How fast were you driving, Mr. Hall, when your car collided with that car occupied by Mrs. Jarvis? A. Well, I would say around 30 or 35.

"Q. Was there anybody in the car with you? A. No sir.

"Q. Do you remember this accident clearly? A. Yes sir.

"Q. Isn't it a fact that you were under the influence of alcohol, or intoxicated?

"Objection

"Mr. Howland: May I finish my question?

"Q. Mr. Hall, had you had anything intoxicating to drink?"

Thereupon the defendant moved to withdraw a juror and declare a mistrial. This motion was overruled, and the jury was instructed to disregard the question. The defendant contends that liability having been admitted by the defendant, the attempt to inject intoxication into the case by the plaintiff was prejudicial and the court's instruction to disregard it was ineffective; that the damage had been done. In *Cleveland Ry. Co.* v. *Kozlowski*, 128 Ohio St. 445, in the opinion, Stephenson, J., says at page 449:

"* * * An admission of liability in a personal injury case sends the pleadings to the four winds, except as to the nature and scope of the injuries, on the one side, and the denial thereof, on the other. Negligence and proximate cause go out of the case as if by magic, and nothing remains for the jury to do except fix the amount of damage. This is the sole and only issue left in the case. * * *"

In the colloquy between the court and counsel, in the absence of the jury, the court had expressly advised counsel that the only issue to be determined was the nature and extent of the injuries, if any, sustained by the plaintiff and that the question of whether the defendant was intoxicated was removed from the case.

The court said: "The only issue now is the question of money damage."

The purpose of pleadings is to define the issues to be determined, to inform the respective parties of the claims of each and the nature and scope of the trial. *Gerend* v. *City of Akron*, 137 Ohio St. 527. The plaintiff, by propounding the question relating to defendant's intoxication, not only attempted to inject an immaterial and inflammatory issue into the case, under the pleadings, but violated the instructions of the court in regard to the issues to be submitted to the jury. Regardless of the motive in asking the question, it served only to improperly influence the minds of the jury in determining the only issue in the case, *i. e.*, damages. In a somewhat similar case, *Camerlin* v. *Starr*, 94 Ohio Law Abs. 225, it was held in the second paragraph of the headnotes:

"2. The persistent and successful attempts of the plaintiff's counsel to call to the jury's attention the fact of defendant's drunkenness at the time of the accident, where the defendant has admitted liability and the plaintiff has not established the

materiality of the evidence on the question of damages, were obviously for the purpose of affecting the amount of the verdict, so that the rulings permitting such questions and answers were erroneous and prejudicial.''

The evidence in the trial of a case should be confined to the issues presented by the pleadings, free from any extrinsic, inflammatory or prejudicial matters that could appeal only to the passion and emotions of the jury. The trial court erred in overruling defendant's motion to withdraw a juror and declare a mistrial.

For his second assignment of error defendant claims the court erred in charging the jury on the issue of permanent injuries. The medical testimony, in our opinion, is sufficient to present an issuable fact as to whether the plaintiff sustained more than a temporary injury. The testimony of plaintiff's witness, Dr. Blume, was based upon both objective and subjective symptoms and findings. We find no merit in this claimed error.

Under assignment of error No. 3, the defendant claims the damages are excessive and appear to have been given under the influence of passion and prejudice. In view of our conclusion on the first assignment of error, that the attempt by plaintiff to inject extrinsic, immaterial and highly improper matter into the case was prejudicial error, it cannot be determined what the verdict would have been or how the jury would have measured the damages if the issue had been submitted free from such error. *Camerlin* v. *Starr,* 94 Ohio Law Abs 225. The defendant is entitled to the submission of the issue of damage free from such error.

For his fourth assignment of error the defendant claims the court erred in charging the jury that under the American Mortality Table the plaintiff had a life expectancy of 19.49 years. Mortality tables have been accepted and considered competent evidence in Ohio for many years in an action for personal injuries, to show the probable duration of the life of an individual as bearing upon the financial loss and pecuniary damage by diminution of earning capacity. 16 Ohio Jurisprudence 2d 313, Section 177 on Damages; 21 Ohio Jurisprudence 2d 583, Section 568 on Evidence; *Allen, Admr.,* v. *Burdette,* 139 Ohio St. 208; *Haase.* v. *Ryan,* 100 Ohio App. 285; *Miller* v. *Loy,* 101 Ohio App. 405.

Under his fifth assignment of error defendant claims the court erred in refusing to submit certain interrogatories as requested by the defendant. Under Section 2315.16, Revised Code, as amended (126 Ohio Laws 62, 63), effective October 4, 1955, only interrogatories, the answers to which will establish ultimate and determinative facts, should be submitted to the jury. *Miller* v. *McAllister*, 169 Ohio St. 487. Answers to none of the interrogatories requested by the defendant are determinative or controlling facts of any issue in the case at bar. The court properly refused to submit such interrogatories to the jury.

For the reasons above set forth the judgment is reversed and this cause is remanded to the Common Pleas Court of Scioto County for a new trial.

*Judgment reversed and cause remanded.*

BROWN and CARLISLE, JJ., concur.