HELMS et al., Appellees and Cross–Appellants,

v.

SKALICAN, Appellant and Cross–Appellee.

[Cite as *Helms v. Skalican* (1996), 112 Ohio App.3d 377.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 94–B–33.

Decided July 3, 1996.

378

*Richard L. Lancione,* for appellees and cross-appellants.

*Rick E. Marsh,* for appellant and cross-appellee.

GENE DONOFRIO, Judge.

Defendant-appellant, Joan Skalican, timely appeals a jury verdict of $35,000 returned in the Belmont County Common Pleas Court against her and in favor of plaintiffs-appellees, Lisa T. Helms and Gary Helms. In addition, appellees have filed a timely cross-appeal from the denial by the trial court of prejudgment interest.

On December 20, 1990, appellees were travelling on State Route 40 in Belmont County. As they approached a side street, their automobile was struck on the passenger side by appellant, who failed to yield for a stop sign. Appellee Lisa Helms sustained personal injuries as a result of the collision, with approximately $8,900 in medical bills and $3,800 in lost wages. Appellee Gary Helms claimed a loss of consortium.

Appellant admitted liability, and a trial on the issue of damages only began on April 14, 1994.

Late in the trial, appellee Gary Helms, when asked to describe the accident, testified as follows:

"We was coming down the road there and we come to this intersection and I seen this car pulling out and I told her to watch out. I braced myself. She [Skalican] hit into us which moved the car to the side. We went about 10, 15 feet and stopped. I got out, went in back and talked to the lady. She told me, she said—I said something to her. I can't remember. I could smell alcohol on her breath. I went back to the car. My wife told me to go call the cops. So I went into the American General building there and called the police. They was having a Christmas party in there which they had alcohol there."

After this testimony, appellant's counsel asked for and was granted a recess, at which time he moved for a mistrial based upon Mr. Helms's mention of alcohol on appellant's breath. The trial court denied appellant's motion, brought the jury back, and instructed them as follows:

"Ladies and gentlemen, I want you to pay close attention to what I am about to say. There was testimony here about the smelling of alcohol on the defendant's [Skalican's] breath. You are to disregard that. Put it completely out of your mind. Do not consider it in your deliberations. It's improper for that testimony to be elicited. You are to disregard any conversation had between the plaintiff and the defendant in that regard."

During the same recess, appellant's counsel also stated to the trial court, out of the jury's presence, that "both court and counsel should have been advised there was a divorce in this case. The pleadings reflect there is a husband and wife. I think there should have been an amendment."

Because of the loss of consortium claim of Mr. Helms, appellant's counsel argued that appellees' divorce from each other on August 23, 1993 should have been disclosed to him prior to the trial of this matter. The trial court did not address the issue, as the divorce was in fact before the jury, pursuant to Mr. Helms's testimony.

On April 15, 1994, the jury returned a verdict of $20,000 for Lisa Helms's injuries and $15,000 for Gary Helms's loss of consortium, for a total of $35,000.

Following the verdict, appellant moved for a new trial and appellees moved for prejudgment interest. On June 6, 1994, both motions were denied. This appeal followed.

Appellant claims that the trial court erred in denying her motions for a mistrial and/or a new trial, as those motions relate to two issues.

Appellant's first issue for review as stated in her brief is as follows:

"Whether the trial court abused its discretion when it refused to grant a new trial after Plaintiff–Appellee Gary * * * Helms testified that he could smell alcohol on the breath of Defendant–Appellant Joan Skalican, when liability had been admitted prior to trial and the sole issue for the jury was the determination of the damages of Plaintiffs–Appellees."

Appellant argues that Mr. Helms's testimony about smelling alcohol completely surprised appellant and improperly influenced the jury into awarding an excessive verdict.

Appellant cites the case of *Jarvis v. Hall* (1964), 3 Ohio App.2d 321, 32 O.O.2d 429, 210 N.E.2d 414, where the court stated in paragraph two of the syllabus:

"In such an action, where the defendant admits liability and plaintiff's counsel attempts to call to the jury's attention the fact of defendant's drunkenness at the time of the accident, a motion by the defendant to declare a mistrial should be sustained."

In *Jarvis*, numerous questions regarding the defendant's intoxication were asked by counsel after the court had expressly advised counsel that money damages were the only issue to be addressed. That court stated:

"The plaintiff, by propounding the question relating to defendant's intoxication, not only attempted to inject an immaterial and inflammatory issue into the case, under the pleadings, but violated the instructions of the court * * *." *Jarvis* at 323, 32 O.O.2d at 430, 210 N.E.2d at 416.

In the case at bar, Mr. Helms mentioned smelling alcohol on appellant's breath in response to a general question. The trial court felt that the limited statement

of Mr. Helms could be adequately cured with the previously stated instruction to the jury. We agree.

"A reviewing court may not substitute its judgment for that of the trial court absent an abuse of discretion." *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880.

■ The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–128, 482 N.E.2d 1248, 1251–1252.

The limited statement of Mr. Helms, viewed in light of the trial court's curative instruction, does not amount to reversible error, and the trial court did not abuse its discretion in this matter.

Appellant's first stated issue for review is without merit.

■ Appellant's second issue for review, as stated in her brief, is as follows:

"Whether the trial court abused its discretion when it refused to grant a new trial to Defendant–Appellant Joan Skalican after Plaintiff–Appellee Gary * * * Helms testified that he and Co–Plaintiff–Appellee Lisa T. Helms were divorced, where Plaintiff–Appellee Gary Helms sought damages for loss of consortium and Plaintiffs–Appellees never amended their complaint or supplemented discovery responses to reflect their ended marriage."

Appellant cites *Jackson v. Booth Mem. Hosp.* (1988), 47 Ohio App.3d 176, 547 N.E.2d 1203, where, in a medical malpractice case, Jackson deposed three medical experts of Booth Memorial. At deposition, only one of the experts advanced a theory about Jackson's cause of death. Yet at trial, all three stated that Jackson's death was caused by "preeclamptic shock," a cause up to that time unmentioned by any of Booth Memorial's experts.

On appeal, the *Jackson* court, in finding that the appellants had been prejudiced by this nondisclosure, noted that since the appellants had not been made aware of the defendant's theory of death, appellants had not been able to effectively cross-examine the defendant's experts, nor had appellants been able to have their experts testify with regard to this new theory of death.

In the case at bar, appellant claims a similar prejudice because she was not made aware of the appellees' divorce until late in the trial of this matter. This claim, however, is without merit.

■ It has been held that "[o]ne of the purposes of the Rules of Civil Procedure is to eliminate surprise. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the

parties *upon request* * * *." (Emphasis added.) *Jones v. Murphy* (1984), 12 Ohio St.3d 84, 86, 12 OBR 73, 75, 465 N.E.2d 444, 446. Parties clearly have a duty, pursuant to Civ.R. 26(E), to supplement their responses to discovery requests and may be sanctioned for failing to do so by the exclusion of the evidence not previously disclosed. See *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 370, 28 OBR 429, 431–432, 504 N.E.2d 44, 47.

■ However, a trial court does not abuse its discretion when it permits testimony regarding facts that were easily discoverable but were not, due to the failure of the complaining party to depose witnesses or present interrogatories. See *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 153, 569 N.E.2d 875, 881–882.

Throughout the trial in this matter, both Lisa and Gary Helms maintained that the accident was a tremendous strain on their marriage and that things just were not the same between them. Further, Mr. Helms did in fact testify during direct examination that the Helmses' marriage ended on August 23, 1993. At that point, counsel for appellant made his motion for mistrial, out of the jury's presence. When that motion was overruled, the jury was brought back and counsel for appellant cross-examined Mr. Helms.

Appellant's counsel did not ask any questions regarding Mr. Helms's loss of consortium, nor did he explore the issue of the Helmses' divorce. In addition, there were no interrogatories sought of Mr. Helms. Further, Mr. Helms's deposition was never sought prior to trial in order to explore these issues.

Under the foregoing facts, we cannot say that the trial court abused its discretion in failing to grant a mistrial or a new trial.

Appellant's second issue for review is without merit.

Appellees/cross-appellants, Lisa and Gary Helms, claim as their sole assignment of error that the trial court erred in overruling their motion for prejudgment interest.

R.C. 1343.03(C) provides as follows:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

In *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, syllabus, the Supreme Court of Ohio set forth the four-pronged test for determining a parties' good faith effort to settle:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."

The effect of *Kalain* is to place the burden of proof on a party seeking prejudgment interest. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 659, 635 N.E.2d 331, 348. Even though this burden is heavy, the burden does not include a requirement that a party prove bad faith. *Id.* A party may have failed to make a good faith effort to settle even though he or she did not act in bad faith. *Kalain, supra.*

Appellees/cross-appellants claim that appellant/cross-appellee failed to meet the *Kalain* criteria as to prongs two and four of the above-mentioned test; the trial court upon hearing all the evidence disagreed. "The decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court." *Id.*

The Twelfth District Court of Appeals in reviewing a denial of prejudgment interest stated as follows:

"A trial court's decision to deny interest must be so violative of logic that it evidences a perversity of will, defiance of judgment, and the exercise of passion or bias in order to amount to an abuse of discretion." *Cox v. Oliver Mach. Co.* (1987), 41 Ohio App.3d 28, 38, 534 N.E.2d 855, 865.

In reviewing the record in the instant case, we cannot say that the trial court's decision denying prejudgment interest was violative of logic or evidenced passion or prejudice. Appellees/cross-appellants' sole assignment of error is without merit.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.