DECISION AND JOURNAL ENTRY
On January 6, 1999, a jury in the Wayne County Court of Common Pleas found that Jeffrey Singer was liable for damages in the amount of $12,000 to James Snyder, $1,500 to Ruth Snyder and $3,500 to John Snyder.
James Snyder, Ruth Snyder, and John Snyder (collectively "the Snyders") appealed from the judgment. The Snyders asserted that the trial court erred by (1) excluding evidence regarding alcohol consumption of the defendant, Jeffery Singer, and (2) denying plaintiffs' motion for new trial, additur or judgment notwithstanding the verdict ("JNOV"). This court overrules both assignments of error, and affirms the judgment of the trial court.
 I
The Snyders were driving to a restaurant for an early dinner on January 26, 1997. A pick up truck driven by Singer crossed the center line and collided with the Snyders' vehicle. The forward momentum of the pick up truck thrust Singer's vehicle into the Snyders' vehicle twice. The pick up truck struck the Snyders' vehicle first at the driver's side door and again near the rear of the vehicle.
All of the parties involved in the accident were injured and received treatment at the Dunlap Memorial Hospital. The impact of the accident rendered James Snyder, the driver of the vehicle, unconscious. James, Ruth, and John incurred medical expenses in the amounts of $5,289.65, $316.30, and $1,253.58, respectively. In addition, at the time of the accident John Snyder was preparing an apartment for rental. His injuries prevented him from getting it ready to rent that month, and as a result he lost $310 in rental income.
The Snyders sued Singer on a theory of negligence. Singer admitted liability for the accident prior to the trial.[1]
Premised on his admission of liability, Singer filed a motion inlimine to exclude testimony regarding his alcohol consumption before the accident. The Snyders opposed the motion. After arguments, the trial court granted Singer's motion in limine to exclude the evidence.
At the conclusion of a two-day trial the jury awarded damages to the Snyders. In accordance with the jury verdict, the trial court ordered Singer to pay damages in the amounts of $12,000 to James Snyder, $1500 to Ruth Snyder and $3500 to John Snyder.
The Snyders moved the court for a new trial, additur, or JNOV alleging that the amount of damages was inadequate. The trial court denied the Snyders' motion for new trial, additur or JNOV. II
Exclusion of Evidence of Alcohol Consumption
The Snyders alleged that Singer was negligent. To establish negligence the Snyders needed to prove the existence of a duty, a breach of that duty and injury proximately resulting from that breach. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77. Singer's admission of liability before the trial began conclusively established all of the elements of negligence, save the size of the resulting injury. See Cleveland Ry. Co. v.Kozlowski (1934), 128 Ohio St. 445, 449. Because of this, the sole issue remaining for jury determination was that of damages. Id.
A damage award may include both compensatory and punitive damages. The measure of damages in a compensatory award is "that which will compensate and make the plaintiff whole." Pryor v.Webber (1970), 23 Ohio St.2d 104, paragraph one of the syllabus. Compensatory damages are limited by the actual losses including past and future medical bills, pain and suffering, disabilities or disfigurement and loss of enjoyment of life. Fantozzi v. SanduskyCement Prod. Co. (1992), 64 Ohio St.3d 601, 612. Punitive damages are intended to punish the tortfeasor and to deter other potential tortfeasors from engaging in similar behavior. Prestonv. Murty (1987), 32 Ohio St.3d 334, 335. Because of this "a positive element of conscious wrongdoing is always required" before an award of punitive damages is made. Id. This actual malice consists of a state of mind "characterized by hatred, ill will or a spirit of revenge" or by a "conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Id. at syllabus. Mere negligence is not a sufficient basis for the recovery of punitive damages. Id.
at 335.
The Snyders did not allege that Singer acted with actual malice. They alleged that he acted negligently. Based on the allegation of negligence, they did not request punitive damages. As a result, the sole question for the jury to consider was what award would compensate the Snyders for the injuries Singer caused.
The Snyders asserted that Singer's consumption of alcohol prior to the accident was relevant to the "causation of the accident and the nature and extent of the impact" which "was clearly relevant to a determination of damages." They have not provided any further explanation for these assertions.
Evidence that is relevant is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Singer's car crossed the center line and collided head on with the Snyders' car. Evidence that Singer consumed alcohol shortly before the accident would tend to make a determination that he caused the accident more probable than it would be in the absence of that evidence. Singer's admission of liability, however, has already established that he caused the accident. Therefore the fact that he caused the accident is no longer of consequence to the determination of the action. His consumption of alcohol is not relevant, as it relates to causation of the accident.
The nature and extent of an impact caused by an alcohol impaired driver is not inherently different from that caused by an unimpaired driver. The injuries sustained by the Snyders, and the related expenses they incurred, are consequences of the impact itself, not of the underlying cause of the impact. Evidence that the accident was a consequence of alcohol consumption, rather of some other act or omission, does not make a determination that the Snyders actually incurred any of the particular injuries they asserted any more or less probable than it would have been in the absence of such evidence. Singer's consumption of alcohol, as it relates to the injuries he caused, is not relevant.
The evidence of Singer's consumption of alcohol was not legally relevant to the only issue the jury was to decide. It was not an abuse of discretion for the judge to exclude it pursuant to Evid.R. 402.
New Trial, Additur or JNOV
1. New Trial
Upon a timely motion, the trial court may grant a new trial when a jury has awarded "excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice" or when "[t]he judgment is not sustained by the weight of the evidence." Civ.R. 59(A)(4), (6).[2] Although the Snyders asserted both grounds as a basis for a new trial, the entirety of their argument with respect to inadequate damages was a recitation of their injuries and of their respective awards and a declaration that the awards were inadequate. Assuming,arguendo, that the awards were inadequate, the Snyders did not assert that the awards appeared to be given under the influence of passion or prejudice. Nor did they point to any portion of the record that would support that proposition. The Snyders have failed to assert, let alone to establish, that they were entitled to a new trial because the jury, under the influence of passion or prejudice, awarded inadequate damages.
When an appellate court reviews the grant or denial of a motion for a new trial as against the weight of the evidence, the appellate court does not directly review whether the judgment was against the manifest weight of the evidence. See Malone v.Courtyard by Marriot L.P. (1996), 74 Ohio St.3d 440, 448. In assessing whether a verdict is contrary to the weight of the evidence the trial court is vested with the discretion to determine whether a manifest injustice has been done. See id., citing Rohde v.Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus. The job of the appellate court is to review whether the trial court abused its discretion in making this determination. See id. Absent some indication that the trial court was unreasonable, arbitrary or unconscionable in exercising its discretion, the judgment of the trial court will not be disturbed. See id., citing Poske v. Mergl
(1959), 169 Ohio St. 70, 75.
The Snyders requested a new trial, arguing that the $17,000 damage award was not sufficient to cover both monetary and other, less tangible, losses. They asserted that the minimal award demonstrated that the jury failed to award damages for pain and suffering, visible facial scarring, and James Snyder's post-concussive syndrome. They asserted that their motion for a new trial should be granted because the facts proven established that the jury must have failed to take into account every element of damages in making its award. See Toledo Railways Light Co. v.Mason (1910), 81 Ohio St. 463, paragraph one of the syllabus.[3] The trial court denied the Snyders' motion for a new trial finding the $17,000 verdict was appropriate.
The Snyders' medical evidence was uncontested. At trial, James, Ruth and John Snyder established that their actual expenses were $5,289.65, $316.30, and $1,553.58, respectively.[4]
Based on their testimony, medical treatment was complete and no future medical expenses were anticipated.
The jury awarded $17,000 in compensatory damages, more than double their medical expenses and lost income. In addition, each individual award was larger than the monetary loss for that individual. Because the jury award was higher than the established monetary losses, and no future economic losses were anticipated, the balance of the award provided compensation for pain and suffering, permanent scarring, and lingering memory and balance problems. In denying the Snyders' motion for a new trial, the trial court found that the award was not against the manifest weight of the evidence or contrary to law. Because the award is not inconsistent with the facts proven, we cannot say that the trial court abused its discretion when it determined that the jury award was not manifestly unjust.
2. Additur
The Supreme Court of Ohio has observed that "[e]rrors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." Uncapher v. Baltimore Ohio Rd.Co. (1933), 127 Ohio St. 351, 356.[5] The Snyders asserted that the trial court erred by denying their motion for additur, but made no mention of additur in their argument. Because of this, we decline to review the Snyders' unsupported assertion of error regarding additur.
3. JNOV
A party may "move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion." Civ.R. 50(B). Snyders requested that the trial court enter a JNOV, but failed to argue it in their motion to the trial court. The trial court analyzed and rejected the Snyders' motion for a new trial. It summarily denied their alternative motions for additur and JNOV.
On appeal, the Snyders asserted the trial court erred by denying their motion for JNOV but failed to mention or discuss the asserted error in the body of their argument. We decline to review the Snyders' assertion that the trial court erred by failing to grant their motion because they did not provide this court with any explanation as to why the trial court denial of their unsupported motion to it was improper. Uncapher,127 Ohio St. at 356.
Although the Snyders raised three issues in their second assignment of error they only argued a portion of one. As to that issue, they did not establish that the trial court abused its discretion by denying their motion for a new trial. The Snyders' second assignment of error is overruled.
 III
Because Singer admitted liability for the accident, compensatory damage was the only issue submitted to the jury. The evidence of Singer's alcohol consumption was irrelevant to the issue of damages and was not admissible. The Snyders' first assignment of error is overruled. Because the trial court did not abuse its discretion when it determined that the jury verdict was not against the manifest weight of the evidence, the Snyders' second assignment of error is overruled. Judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
CARR, J., WHITMORE, J., CONCUR.
[1] Although Singer's admission of liability is not contained directly in the record, it is clear from the record that the jury was instructed that Singer had admitted liability for the accident. The judgment also reflects Singer's admission of liability.
[2] Snyders' motion for a new trial and the trial court's judgment denying the motion incorrectly referred to subsection Civ.R. 59(A)(6) as subsection (5).
[3] Toledo Railways Light Co. predates Civ.R. 59. The case was cited by the appellants as the basis for their request for a new trial.
[4] James and Ruth Snyder's monetary losses were for medical expenses. John Snyder's losses consisted of $1,253.58 in medical expenses and $300 in lost income.
[5] In Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159, decided after the Rules of Appellate Procedure were created, the pre-rulesUncapher guidance was cited favorably. The current version of App.R. 12(A)(2) was cited for the same proposition, without discussion, in State v. Peagler (1996), 76 Ohio St.3d 496, 499.