This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments before this court. Plaintiff-appellant, Sherrin Andrews, (hereafter "Andrews") appeals the trial court's judgment entry in her personal injury claim against defendant-appellee, Cathy Ruozzo, (hereafter "Ruozzo") denying Andrews' motion for pre-judgment interest. The issue before us is whether the trial court erred by failing to grant Andrews' motion for pre-judgment interest pursuant to R.C. 1343.03(C). For the following reasons, the decision of the trial court is affirmed.
On April 28, 1996, Ruozzo drove her vehicle into the rear of Andrew's vehicle. The accident appeared minor in nature as there was minimal damage to the vehicles and the elderly passenger in Andrew's vehicle was uninjured. Nonetheless, five days after the accident Andrews sought medical treatment for her back which eventually resulted in $5,690.00 in medical expenses. Ruozzo does not dispute her liability for the accident.
Prior to initiating the underlying action, Andrews presented Ruozzo's insurance provider, Nationwide Insurance Company (hereafter "Nationwide") with a $50,000 settlement demand. Nationwide countered on August 25, 1997 by offering Andrews $1,400.00 to settle the claim. Unsatisfied with the response to her initial settlement demand, Andrews filed a complaint against Ruozzo on September 22, 1997. Andrews subsequently decreased her demand to $45,000.00, and again to $25,000.00 just prior to the commencement of trial on May 24, 1999. Nationwide replied with a counter offer of $2,000.00 just before closing arguments which Andrews declined. The jury returned a verdict for Andrews in the amount of $15,000.00. She then filed a motion for pre-judgment interest which was denied by the trial court.
Andrews appeals the trial court's order asserting the trial court erred by not awarding her pre-judgment interest. We affirm the trial court's decision because the trial court did not abuse its discretion by finding good faith efforts were made to settle the case and declining to award pre-judgment interest.
With regard to the standard of review, this court held "[w]hether a good faith effort to settle was made, or whether a good faith belief of non-liability exists, is an issue that is within the sound discretion of the trial court." Maass v. Maass (Dec. 27, 1999), Mahoning App. No. 98 C.A. 190, unreported. Consequently, the decision whether to grant or deny pre-judgment interest also rests within the sound discretion of the trial court. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83. The decision rendered by the trial court regarding the existence of good faith or the grant or denial of pre-judgment interest will not be disturbed on appeal absent a finding the trial court abused its discretion by acting in a manner that is contrary to law, unreasonable, arbitrary or unconscionable. Evans v. Buckeye Union Ins. Co. (Mar. 5, 1990) Mahoning App. No. 88 C.A. 196, unreported.
The relevant part of R.C. 1343.03 (C) states:
 "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortiuous conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
"[T]he purpose of R.C. 1343.03 (C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy * * * [and] to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases * * *." Moskovitz v. Mt. Sinai MedicalCenter (1994), 69 Ohio St.3d 638, 657-658.
A trial court must find a party failed to make a good faith effort to settle before it may award pre-judgment interest. Kalain v. Smith
(1986), 25 Ohio St.3d 157. In Kalain, supra, the Ohio Supreme Court established guidelines for a trial court to utilize when determining whether a party has failed to make a good faith effort to reach a settlement pursuant to R.C. 1343.03(C). Under Kalain, supra, a trial court must determine whether a party has:
1. fully cooperated in discovery proceedings;
 2. rationally evaluated his risks and potential liability;
 3. not attempted to unnecessarily delay any of the proceedings;
 4. made a good a faith monetary settlement offer or responded in good faith to an offer from the other party.
In Helms v. Skalican (1996) 112 Ohio App.3d 377, this court concluded, "[a] court's decision to deny interest must be so violative of logic that it evidences a perversity of will, defiance of judgment, and the exercise of passion or bias in order to amount to an abuse of discretion", citingCox v. Oliver Mach. Co. (1987), 41 Ohio App.3d 28, 38. The fact that we, or any other court, may have reached a different conclusion does not establish an abuse of discretion. Cox v. Fisher Fazio Foods, Inc. (1984)13 Ohio App.3d 336, citing Lakeshore Sawmill Lumber Co. v. ClevelandRealization Co. (1919), 11 Ohio App. 387.
While Andrews was ultimately successful at trial, Nationwide's challenge of the amount of damages incurred does not automatically rise to a lack of good faith. Nationwide had rational reasons to challenge the claim, i.e. the minimal amount of damage and that the elderly passenger in Andrew's vehicle was unharmed. Consequently, it appears Nationwide thought a jury would not believe Andrew's complaints about her injuries. When possessed with a reasonable belief that a jury may reject a claim, an insurer should not be prevented from challenging those claims which are reasonably believed to be overstated or without merit. While we do not infer any improper conduct on Andrews' in pursuing her claim, to replace the trial court's judgment in every case where pre-judgment interest is rejected potentially stifles the public interest of an insurer challenging fraudulent claims.In support of its contention, Nationwide points out it met the criteria for the finding by the trial court of good faith settlement negotiations set forth by the Ohio Supreme Court in Kalain. There is no evidence in the record to indicate Nationwide failed to cooperate during discovery. Nationwide fully evaluated the risks and potential liability in the case and made a determination as to its offers for settlement accordingly. Further, no evidence was presented which would suggest either party intentionally caused delay in any proceeding relating to this case.
As Nationwide fulfilled the guidelines established by Kalain, it cannot be said the trial court abused its discretion by finding Nationwide exercised good faith to attain a satisfactory settlement agreement in this case. Nor can it be stated the trial court acted in an unreasonable, arbitrary, or unconscionable manner in denying Andrews' request for pre-judgment interest. The trial court was in the best position to evaluate the relative merits of the claim for pre-judgment interest.
Therefore, appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.
Vukovich, P.J., Dissents, see dissenting opinion.
Waite, J., Concurs.