Marshall, C. J.
 

 This action was originally instituted in the common pleas court of Cuyahoga county by Charles Warden against the Pennsylvania Railroad Company and the H. E. Culbertson Company. It was sought to recover damages for injuries sustained by Warden, a patrolman, while riding a motorcycle and passing under an overhead bridge of the railroad company at the intersection of Quincy avenue and East Seventy-First street in Cleveland. The overhead bridge was being constructed for the
 
 *298
 
 railroad company by the H. E. Culbertson Company. The injury occurred November 11,1924, but the suit was not brought until November 18, 1927. For convenience the defendant the Pennsylvania Railroad Company will be referred to as the railroad, and the defendant the H. E. Culbertson Company will be referred to as the contractor.
 

 The railroad filed a separate answer, in which it did not specifically allege that the suit was not brought within the time limited for such actions. After admitting the corporate status and operation of the railroad it denied all other allegations in the petition. The contractor filed a general demurrer, alleging: “The petition does not state a cause of action against this defendant.” The-briefs of counsel for the contractor, which are not a part of the record, argued the two-year statute of limitations. The demurrer was overruled, and thereupon the contractor filed a separate answer in the nature of a general denial, which did not allege the defense of limitation. It follows that neither the railroad nor the contractor literally followed the procedure defined by Sections 11309 and 11310, General Code. When the case was called for trial, a statement of the case was made to the jury by counsel for the plaintiff, and thereupon motions were made by the defendants for a directed verdict upon the opening statement of counsel. The jury was temporarily excused, and the question of the application of Section 11224-1, General Code, was argued at length to the court, and the court held the statute to be unconstitutional, and the trial proceeded. Exceptions were reserved to the overruling of the general demurrer to
 
 *299
 
 the petition, and also to the overruling of the motion for a directed verdict.
 

 At the close of all the testimony, a motion was again made to exclude all testimony from, the jury and for a directed verdict, which was overruled, and again exception was taken. The judgment being in favor of the plaintiff, the petition in error in the Court of Appeals alleged, among other assignments of error, “the petition shows on its face that the action therein attempted to be stated is barred by the statute of limitation.”
 

 The judgment against the contractor, the H. E. Culbertson Company, was affirmed, on the ground that the statute of limitation had not been specially pleaded either by demurrer or answer. It was the theory of the Court of Appeals, as it is now the theory of defendant in error, that the general demurrer does not properly raise that issue, nor does the general denial of the answer, and that therefore the issue of the two-year limitation was not properly before the trial court for consideration.
 

 Upon this issue three members of this court, Marshall, C. J., and Day and Kinkade, JJ., are of the opinion that, inasmuch as the question was argued to the trial court upon the demurrer to the petition, and again upon the admission of evidence, and that question considered and decided by the court, it was the duty of the trial court to dispose of the case in accordance with the rule laid down in
 
 Smith
 
 v.
 
 New York Central Rd. Co.,
 
 122 Ohio St., 45, 170 N. E., 637, and that therefore the judgment of the Court of Appeals and of the common pleas court should be reversed and the cause remanded for further proceedings.
 

 
 *300
 
 Pour members of this court, Jones, Matthias, Allen and Robinson, JJ., are of the opinion that the statute of limitations was not properly before the trial court for consideration and decision.
 

 Inasmuch as a majority of this court concur in the views of the Court of Appeals on the subject of the statute of limitations, the judgment will not be disturbed on that ground.
 

 There is, however, another specification of error which is urged in this court as a ground of reversal. The improvement out of which this accident and injury grew was the elimination of a grade crossing, which is authorized by Section 8874, General Code. Pursuant to legislation and contract, the railroad company was to bear 65 per cent, of the cost of the elimination, and the city to pay 35 per cent. The railroad company was authorized to take possession of the street at the point in question, and to execute the work. It follows that the railroad company and its contractor might lawfully place temporary poles in the street to support the temporary trestle, and to permit the passage of the ordinary traffic in a limited area. Such temporary poles and scaffolds were in fact constructed, and the allegations of the petition do not question the right to erect the temporary trestle, and it is only claimed that the temporary trestle was carelessly and negligently constructed. The court, however, charged the jury upon this point in the following language:
 

 “In this connection I desire to read you two sections of the General Code of Ohio, which means that we are reading you part of the law of the state of Ohio: ‘A person or corporation, or a conductor of a train,’ I am reading Section 7472, ‘or a conductor of
 
 *301
 
 a train of railroad cars, or other agent or servant of a railroad company, who obstructs, unnecessarily, a public road or highway authorized by any law of this state, by permitting a railroad car or locomotive to remain upon or across it for longer than five minutes,’ that is not the part I am particularly referring to, but I am referring to the whole section; this is the part I am particularly referring to, ‘or permits timber, lumber, wood or other obstructions to remain upon or across it to the hindrance or inconvenience of travelers, or a person passing along or upon such road or highway,’ shall be deemed to have violated this section. The words ‘shall be deemed to have violated this section,’ are my own. Then reading Section 13421, that reads as follows: ‘Whoever obstructs or encumbers, by fences, buildings, structures or otherwise, a public ground, highway, street or alley of a municipal corporation,’ shall be deemed to have violated this section; and the words ‘shall be deemed to have violated this section’ are my own. If the defendants, either or both of them, violated the provisions of those sections in regard to obstructions, and such violations of the statutory law of Ohio, such'violation of the statutory law of Ohio would be negligence
 
 per se,
 
 or negligence of itself; and if such violation proximately caused the injury of which the plaintiff complains, the plaintiff would be entitled to recover a verdict at your hands unless the plaintiff himself was guilty of some negligence proximately causing or contributing to his injuries.”
 

 It being conceded that the temporary structure did in a measure obstruct travel, the charge of the court left the jury no alternative except to find that the
 
 *302
 
 defendants were guilty of negligence, and, in the event the jury should find that the plaintiff was not guilty of contributory negligence, it became only a question of the amount of the damage.
 

 The trial court erred in applying Section 7472 to this controversy, because it can have no possible relation to a lawful structure temporarily erected in a highway; it being by its terms only applicable to a temporary obstruction to a highway, where a railroad crosses at grade.
 

 Section 13421 clearly applies only to an unlawful structure, and not to a lawful structure negligently constructed.
 

 All the members of the Court of Appeals were of the opinion that this instruction was error on the part of the trial court, but two of the members of that court were of the opinion that the error did not apply to all the issues of the case, and that the verdict could not be disturbed because of being justified upon certain issues set forth in the pleadings and proven by the evidence, upon which the court correctly stated the law. The verdict was a general verdict, and no interrogatories were propounded to determine upon which issue the jury based its verdict. It is true that the petition alleged five specifications of negligence, which were separately stated and numbered: (1) Failure to place lights upon the plank; (2) permitting and suffering the plank to be placed where it was dangerous to travel; (3) negligence in failing to remove the plank; (4) failing to construct the poles, gates, and guards so that persons using the highway would be informed of its dangerous condition; (5) failing to employ a watch
 
 *303
 
 man to warn the public of the existence of the obstruction.
 

 The majority of the Court of Appeals therefore adopted and applied the well-known rule which originated in
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, and which has been followed in numerous subsequent cases. This rule as generally applied is that, where there are two causes of action or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tided free from error, error in presenting another issue will be disregarded.
 

 This rule has prevailed for approximately sixty years in all the courts of review of this state, and, while it has not met with universal favor, it has nevertheless been a settled rule, and in proper cases universally applied. It is not deemed expedient to further extend the operation of the rule, and the majority of this court are not willing to apply the rule where only a single cause of action for negligence is pleaded, involving a single damage, and therefore a single recovery, though there may be more than one specification of negligence.
 

 Iú the instant case, a careful examination of the five specifications of negligence discloses that, though they are separately stated and numbered, they constitute but a single specification of negligence. They might all have been stated in a single sentence by reciting that the defendants constructed poles and at
 
 *304
 
 tached thereto an nnlighted and an unguarded plank which obstructed a portion of the traveled highway. It was evidently the theory of the majority of the •Court of Appeals that the failure to guard by lights or watchman was an act of negligence separate and distinct from the existence of the plank. In this view we do not concur. There was but a single issue of negligence, and the error in the court’s charge upon Sections 7472 and 13421, General Code, was prejudicial.
 

 For this reason, the judgment of both courts is reversed, and the cause remanded to the court of common pleas for further proceedings.
 

 Judgment reversed and cause remanded.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.