*70
 
 Weygandt, C. J.
 

 The questioned part of the charge to the jury relates to the speed at which the defendant was permitted to operate its streetcar.
 

 It involves Section 6307-21, General Code, which reads in part as follows:
 

 “ * * * It gball be prima facie lawful for the operator of a motor vehicle, trackless trolley or streetcar to operate the same at a speed not exceeding the following:
 

 “* * * Twenty-five miles per hour in all other portions of a municipal corporation, except on state routes and on through highways outside business districts.
 

 “Thirty-five miles per hour on state routes or through highways within municipalities outside business districts.
 

 ( i
 
 * * #
 

 “It shall be prima facie unlawful for any person to exceed any of the speed limitations in this ox-in other sections of this act.
 
 * * *”
 

 After correctly charging the jury as to the permitted speed, the trial court later made the following concededly erroneous statements:
 

 “If it was a business district aixd he was going 25 miles an hour or more, then that would be prima facie evidence of the fact, but only prima facie evidence of a speed that was greater than was reasonable and proper. * * *
 

 “Therefore if you find that the automobile, or that the streetcar — where I said several times I may have said automobile, I am referring to the streetcar operated by the motorman of the defendant company— therefore if you find that the streetcar of the defendant company was being operated as I have stated to you 35 miles an hour or more, if that is a residence district or 25 miles an hour or more if that is a busi
 
 *71
 
 ness district, such fact affords only prima facie evidence of a rate of speed that is greater than is reasonable and proper under the circumstances; such fact becomes conclusive unless met by evidence of equal or countervailing force. ’ ’
 

 In other words, after correctly stating that a speed in
 
 excess
 
 of 25 or 35 miles per hour, respectively, would be prima facie unlawful, the court unfortunately changed his statement of the law by charging that
 
 25
 
 miles or
 
 35
 
 miles per hour, respectively, or greater, would be prima facie unlawful.
 

 In the sixth paragraph of the syllabus in the case of
 
 Westropp
 
 v.
 
 E. W. Scripps Co.,
 
 148 Ohio St., 365, 74 N. E. (2d), 340, this court restated the general rule as follows:
 

 “Where in instructing the jury the court stated a correct rule or principle of law and also stated a prejudicially incorrect rule or principle of law with reference to the same subject matter, no presumption arises that the correct rule was applied by the jury in the consideration of the issue presented, and the error in giving the incorrect rule will be deemed prejudicial. (Paragraph five of the syllabus in the case of
 
 Bosjnak
 
 v.
 
 Superior Sheet Steel Co.,
 
 145 Ohio St., 538, approved and followed.) ”
 

 However, the plaintiff seeks to avoid the error in two ways.
 

 First, he contends that the rule of
 
 de minimus non curat lex
 
 should be applied. One difficulty with this suggestion is that the erroneous charge was not withdrawn, and if the jury found that the speed of the streetcar was 35 miles per hour, it was prima facie unlawful, according to the erroneous instruction. This was hardly a trifle.
 

 Second, the plaintiff insists that since he alleged several specifications of negligence, the two-issue rule
 
 *72
 
 should be applied. He contends that the several specifications present separate issues and that the jury’s verdict might have been based on specifications other than that of excessive speed, the only one involved in the erroneous charge.
 

 In the syllabus in the case of
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, this court held:
 

 “1. Where the jury, by their verdict, ‘find the issues joined in the cause’ in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party.
 

 “2. In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other.”
 

 Then in the second paragraph of the syllabus in the case of
 
 H. E. Culberston Co.
 
 v.
 
 Warden,
 
 123 Ohio St., 297, 175 N. E., 205, this court, refusing to extend the rule, held:
 

 “The rule declared in
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, has no application to specifications of negligence, separately stated and numbered, but which in fact constitute a single negligent act resulting in a single loss and damage.”
 

 Hence, in the instant case the Court of Appeals was not in error in refusing to apply the two-issue rule to the specifications relating to the alleged negligent action of the defendant.
 

 The defendant has filed a cross-assignment of error.
 

 This is based on the contention that the Court of Appeals was in error in not reversing the Court of Common Pleas for refusing to direct a verdict in the defendant’s favor on the ground that as a matter of law the plaintiff himself was guilty of negligence which contributed directly to cause the collision.
 

 
 *73
 
 The defendant insists that the plaintiff gave no signal with his hand and arm as he drove his automobile away from the curb into the path of the approaching streetcar. It is true that there is evidence to that effect, but on both direct and cross-examination the plaintiff testified that he did give such a signal. Hence, this presents a question of fact rather than one of law.
 

 A study of the record discloses a similar situation with reference to the defendant’s contention that any negligence on the part of its motorman was not a proximate cause of the collision. Under the evidence this is a question of fact.
 

 This court is of the view that the Court of Appeals was not in error in reversing the judgment of the Court of Common Pleas and remanding the case for a retrial.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Turner and Taet, JJ., concur.
 

 Stewart, J., not participating.