Matthias, J.
 

 One of the specific charges of negligence on the part of the defendant, which it is claimed caused plaintiff’s injury, was the failure to have any lights on the rear of its trailer.
 

 Whether there were any lights on the rear of the trailer which were burning at the time of the collision was a matter in controversy and the record discloses a sharp conflict in the evidence in respect thereto.
 

 Charges of negligence of the defendant enumerated in the petition were, among others, failure “to have any taillight in operation on its tractor or trailers” and failure “to have lights on its tractor and trailers which emitted any light which would be visible for a distance of 500 feet. ’ ’
 

 The trial court in the course of the general charge read to the jury Section 6307-78, General Code, which, in part, provides:
 

 “ (a) Every motor vehicle, * * * trailer, semitrailer, pole trailer or any other vehicle which is being drawn at the end of a train of vehicles shall be equipped with at least one tail lamp mounted on the rear which, when lighted as hereinbefore required, shall emit a red light visible from a distance of five hundred feet to the rear, provided that in the case of a train of vehicles only
 
 *10
 
 the tail lamp on the rear-most vehicle need be visible from the distance specified.”
 

 The court likewise read to the jury extracts from the Rules and Regulations of the Public Utilities Commission of Ohio, as follows:
 

 “
 
 ‘(c)
 
 On every tractor there shall be at least the following lighting devices and reflectors:
 

 “ ‘ (B) On the rear, one red tail lamp; one red or amber stop light.
 

 “ ‘(d) On every semitrailer or full trailer having a gross weight in excess of 3,000 pounds — there shall be at least the following lighting devices and reflectors: # *
 

 “ ‘(C) On the rear, one red tail lamp; one red or amber stop light; two red clearance lamps, one at each side; two red reflectors, one at each side.
 

 “ ‘ (K) Clearance * * * and tail lamps shall, when lighted, be capable of being seen at a distance of 500 feet, under normal atmospheric conditions, during the time when lights are required.
 

 ‘ ‘ ‘ The light from * * * rear clearance and tail lamps (shall be visible) to the rear of the vehicle.’ ” Thereafter the court instructed the jury as follows:
 

 “If the defendant failed to have the required lights lighted on the tractor and trailers, at the time of the collision, such failure would constitute negligence on its part.
 

 “It is a question for the jury to determine, therefore, whether or not the lights required by the statutes and Rules and Regulations of the Public Utilities Commission were lighted and burning at the time of the collision.”
 

 It is to be noted that in addition to the taillight specifically required by Section 6307-78, General Code, the Rules and Regulations of the Public Utilities Commission of Ohio, which were read to the jury, require cer
 
 *11
 
 tain other lighting devices and reflectors hereinbefore enumerated.
 

 It is well settled that the violation of a specific requirement of law or ordinance is in itself negligence and if there be such violation there is left for the determination of the jury, under proper instructions, only the question of the commission or omission of the specific act inhibited or required and whether such commission or omission, as the case may be, was the proximate cause of the injury complained of.
 
 Variety Iron & Steel Works Co.
 
 v.
 
 Poak,
 
 89 Ohio St., 297, 106 N. E., 24;
 
 Schell
 
 v.
 
 DuBois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664.
 

 It has been just as clearly settled that failure to comply with the Rules and Regulations of the Public-Utilities Commission does not in itself constitute negligence. Mat
 
 z, Admr.,
 
 v.
 
 J. L. Curtis Cartage Co.,
 
 132 Ohio St., 271, 7 N. E. (2d), 220. It is stated in the syllabus in that case as follows :
 

 “A violation of a safety regulation adopted by the Public Utilities Commission pursuant to authority conferred by Section 614-86, General Code, does not constitute negligence per se; but such a regulation is admissible in evidence as bearing on the question of the want of ordinary care. ’ ’
 

 In support of the proposition stated in the syllabus, it is announced in the opinion by Williams, J., as follows:
 

 “Assuredly, a violation after the regulation has become effective and notice of its adoption has been given to the motor transportation company, warrants a revocation of the license or prosecution for a misdemeanor under Section 614-100, General Code, as heretofore indicated; that section, however, is not a measure enacted for the public safety, but to secure the observance of orders, rules and regulations of the
 
 *12
 
 commission and of certain statutes and therefore a violation of Section 614-100 does not constitute negligence per se under the doctrine pronounced in
 
 Schell
 
 v.
 
 DuBois,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A. 1917A, 710. The regulation as to fusees or flares was, however, admissible in evidence as bearing on the question of negligence in the sense of want of ordinary care. The trial court, therefore, would have been warranted in submitting that question to the jury, but committed prejudicial error in charging the doctrine of negligence per se.”
 

 Similarly the Rules and Regulations of the Public Utilities Commission respecting rear lights, reflectors, etc., could properly be considered by the jury in determining the issue of the negligence of the defendant in the instant case. However, the court in its charge instructed the jury in effect that not only failure to have lights specifically required by the statute but also failure to comply with the provisions of the Rules and Regulations of the Public Utilities Commission in the respects stated constituted negligence on the part of the defendant. Whether the term, negligence, or, negligence per se, is employed in the instructions, the proper test to be applied in determining the validity or invalidity of the instructions is whether such instructions inform the jury that the mere failure to observe such regulation of the Public Utilities Commission constitutes
 
 negligence
 
 and thereby leave to the jury only the question whether such failure of compliance was the proximate cause of plaintiff’s injury.
 

 It was the province of the jury to determine whether there was a failure of the defendant in any of the respects alleged to exercise ordinary care and this it should determine from all the evidence including the failure, if it so found, to comply with any rule or regulation of the Public Utilities Commission.
 

 
 *13
 
 The following portion of the opinion in the case of
 
 Swohoda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 522, 196 N. E., 274, is applicable and pertinent:
 

 “Where a specific requirement is made by statute and an absolute duty thereby imposed, no inquiry is to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care. In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal and if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage. In such case, the jury is not called upon to determine whether the conduct constituted negligence; it determines only whether the act prohibited was committed or the act required by law was omitted, as the case may be. The violator of such specific requirement of law is liable irrespective of the question as to whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which would be applied in the absence of such statutory definition and imposition of absolute duty, such as, for instance, the absolute and specific requirement as to headlights. Where the standard of duty is thus fixed and absolute, it being the same under all circumstances, the failure to observe that requirement is clearly negligence per se. But where duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence per se has no application.”
 

 Whatever may have been said in cases heretofore decided as to any distinction between the words, ‘‘ negligence,” and, “negligence per se,” it is essential pri
 
 *14
 
 marily to determine whether the term employed therein, whether “negligence” or “negligence per se,” results in an improper instruction which in effect declares that a mere rule or regulation is a specific requirement, failure to comply with which constitutes negligence.
 

 It is our conclusion, therefore, that the instruction, which in effect stated that the failure of the defendant to comply with the Rules and Regulations of the Public Utilities Commission constituted negligence instead of instructing the jury that such failure should be considered by the jury only as a factor together with other evidence adduced in determining- the issue of negligence of the defendant, is an erroneous instruction and was prejudicial to the defendant.
 

 Counsel for the plaintiff urges the application of the two-issue rule on the ground that “the case was submitted to the jury on four specifications of negligence, two of which had no connection with light requirements.”
 

 This court has heretofore specifically, held that separate specifications of negligence provide no basis whatever for the application of the two-issue rule. There is but one cause of action and it is based on the claimed negligence of the defendant resulting in a single loss and damage.
 
 Culbertson Co.
 
 v.
 
 Warden,
 
 123 Ohio St., 297, 175 N. E., 205;
 
 Bush, Admr.,
 
 v.
 
 Harvey Transfer Co.,
 
 146 Ohio St., 657, 67 N. E. (2d), 851;
 
 and Readnour
 
 v.
 
 Cincinnati St. Ry. Co.,
 
 154 Ohio St., 69, 93 N. E. (2d), 587.
 

 _ Upon the further claim of error, based upon the rejection of testimony of the defendant’s employee, the driver of the truck, that upon arrival at its destination all lights on the transportation unit were burning, we need only to state that under the facts disclosed by the record in this case we do not hold that the refusal to receive such testimony constituted prej
 
 *15
 
 udicial error for which the judgment should be reversed.
 

 For the reasons hereinabove stated, however, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Hart, JJ., concur.