Taft, J.
In the absence of evidence that a person knew of a danger or that the danger was so obvious that he must be taken to have known of it, it cannot be held that such person assumed the risk of injury from such danger. Morris v. Cleveland Hockey Club, Inc., 157 Ohio St., 225, 240, 105 N. E. (2d), 419; Masters v. New York Central Rd. Co., 147 Ohio St., 293, 301, 70 N. E. (2d), 898; Prosser on the Law of Torts (2 Ed.), 303, Section 55; 38 American Jurisprudence, 847, Section 172.
*256 In the instant case, the only “danger,” to which the above-quoted charge of the court could possibly have referred, was the danger created by operation of other vehicles on the highway. It may be that plaintiff could be said to have assumed some of the risks from that danger. However, one using a highway does not assume the risk of the negligent operation of a vehicle thereon where such one does not know of such negligent operation in sufficient time to avoid its consequences by the exercise of ordinary care, i. e., where he does not in effect have a conscious last clear chance to avoid such negligence. See Swoboda v. Brown, 129 Ohio St., 512, 196 N. E., 274.
It may be that the jury could have found that plaintiff was negligent because he did not use ordinary care to avoid risks, even from the negligence of others, which he should in the exercise of ordinary care have anticipated, but there is no evidence tending to prove that he knew of the negligent operation of defendant’s truck or even that he had an opportunity to know of it in time to do anything about it.
Defendant argues however that, since the Court of Appeals found the charges on negligence and contiibutory negligence were proper, it should have determined that any error in charging on assumption of risk was “cured by application of the ‘two-issue rule.’ ” In support of this contention, defendant relies principally upon a statement in the opinion in Centrello, a Minor, v. Basky, 164 Ohio St., 41, 48, 128 N. E. (2d), 80.
There may be instances where contributory negligence and assumption of risk overlap. See Prosser on the Law of Torts (2 Ed.), 304, Section 55. However, the above-quoted charge in the instant case would have permitted the jury to consider assumption of risk as a defense even though it found the plaintiff free from contributory negligence. Thus, if a plaintiff knew of the negligence of a defendant in sufficient time to have avoided it by the exercise of ordinary care but, instead of avoiding it, such plaintiff voluntarily chose to encounter it, such plaintiff could, under the foregoing-quoted charge, be found to have assumed the risk of injuries from such negligence, although the plaintiff’s decision to encounter the risk may have been so reasonable and he may have acted with such unusual caution thereafter that such plaintiff could not reasonably be found to have *257 been negligent. See Prosser, supra. Hence, this charge cannot be considered merely as a charge on contributory negligence. It represents a charge on assumption of risk, which was not an issue in this ease.
This court has held that it is reversible error to charge a jury with respect to the issue of contributory negligence where there is no evidence to support that issue. Cincinnati Traction Co. v. Forrest, 73 Ohio St., 1, 75 N. E., 818. It would seem to follow that it would be error to charge a jury with respect to the issue of assumption of risk where there is no evidence to support that issue. This court has held that the two-issue rule does not apply where there is a charge on an issue upon which there should have been no charge. Gottesman, Admr., v. City of Cleveland, 142 Ohio St., 410, 52 N. E. (2d), 644. Although the reasons for the so-called two-issue rule (the necessity of affirmatively showing prejudice in order to justify a reversal) have become completely obscured by its label (see for example Readnour v. Cincinnati Street Ry. Co., 154 Ohio St., 69, 93 N. E. [2d], 587), there may be instances where a charge such as that given on assumption of risk in the instant case can be regarded as not prejudicial. However, we do not believe the record in the instant case requires us to disturb the decision of the Court of Appeals that that charge was prejudicial.
It follows that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Máttihias, Bell, Herbert and Peck, JJ., concur.