OPINION
Via letter dated July 1, 1998, appellee, the Ohio Department of Human Services, informed appellant, Tic Toc Around the Clock Child Care Center, that it planned to issue an adjudication order to revoke appellant's license. A hearing was requested and such commenced on September 30, 1998 before a hearing examiner. On January 25, 1999, the hearing officer issued a report and recommended that appellant's license be revoked. Appellee's director affirmed the report and issued an adjudication order revoking appellant's license on March 30, 1999. On April 14, 1999, appellant filed an appeal with the Court of Common Pleas for Muskingum County, Ohio. A hearing was held on October 29, 1999. By decision and entry filed November 10, 1999, the trial court affirmed the adjudication order. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I HEARING EXAMINER McNEIL ERRED BY FAILING TO DISQUALIFY ATTORNEY ERIC K. JOHNSON AS COUNSEL FOR PLAINTIFF-APPELLANT.
 II HEARING EXAMINER McNEIL ERRED BY FINDING THAT PLAINTIFF-APPELLANT INTERFERED WITH DEFENDANT-APPELLEE'S INSPECTION OF THE FACILITY AND FAILED TO COOPERATE WITH DEFENDANT-APPELLEE DURING ITS INVESTIGATION.
 III HEARING EXAMINER McNEIL ERRED BY SUMMARILY AND UNILATERALLY SHORTENING THE HEARING FROM THREE DAYS TO TWO DAYS WITHOUT ADEQUATE NOTICE TO PLAINTIFF-APPELLANT.
The standard of review herein is whether the trial court's decision affirming appellee's order was an abuse of discretion. Arcuragi v. Miami University (1995), 103 Ohio App.3d 455. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 I
Appellant claims the hearing examiner erred in not disqualifying its attorney. We disagree. On August 31, 1998, appellee filed a motion to disqualify appellant's attorney, Eric K. Johnson. No transcript was taken of the telephone conference on the issue as indicated in the hearing examiner's journal entry dated September 17, 1998. Within said entry at page 6, the hearing examiner denied the motion finding Mr. Johnson unequivocally stated "he does not intend to become a witness in the matter, and that he never indicated his intention to do so. Further, Mr. Johnson stated that in no instance is he the only witness to matters that may be considered during the hearing." We note the absence of a record of the hearing leads us to the presumption of regularity in the proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. We can only assume the conclusions of the hearing examiner are supported in fact by the evidence. Appellant now argues that the following statements of the hearing examiner from his final report and recommendation at 88 establish the impropriety of Mr. Johnson's representation: In my opinion, the potential for obstruction of justice by both attorney and client under these circumstances is palpable, and gives rise to serious questions about the role counsel played in frustrating the efforts of the Department, particularly where the evidence suggests that the attorney had an active role in deceiving a police investigator into believing that the attorney represents both the Center and its employees, as was the case with respect to Officer Tiebout's interrogation of Lisa Sharrer. The potential for overreaching in the name of the defense of this corporate client may have been met on more than one occasion, at the expense of the pubic at large.
Apart from the argument being made with the 20/20 opinion of a "monday morning quarterback," we do not find the statements supra to overcome the abuse of discretion standard. There is no indication of how Mr. Johnson's representation at the hearing prejudiced appellant. Upon review, we find no error regarding this issue. Assignment of Error I is denied.
 II
Appellant claims the hearing examiner's decision that appellant interfered with the inspection of the facility and failed to cooperate in the investigation was against appellant's constitutional right against self incrimination. We disagree. Appellant complains of the following findings by the hearing examiner in his report and recommendations at 89: Independent of the foregoing findings, upon finding that the Provider deliberately interfered with on-going investigations conducted by the Department by refusing to provide the Department's investigator with access to records and by refusing to participate in interviews, and by instructing staff members not to talk with investigators and by keeping the Department's investigators from the conducting interviews with employees of the Center, in violation R.C. 5104.04 and O.A.C. 5101:2-12-19, I recommend the Director issue an order REVOKING the Provider's license to operate a child day care center.
However, we note the hearing examiner's report was ninety pages in length. Separate and apart from the findings supra, the hearing examiner found the following violations at 88-89. Upon finding the Provider, Tic Toc Around the Clock Day Care Center has repeatedly failed to supervise children in its care, has exposed these children to danger and to other children with communicable diseases, has failed to train its staff against endangering the children in its care, has failed to provide activities suitable to the age and abilities of the children in its care, has improperly kept infants restrained for long periods of time, has used unqualified persons to serve as substitutes, has failed to properly control the storage of infant formula, and has permitted its staff to use unlawful means of disciplining and controlling children, in violation of O.A.C. 5101:2-12-46, O.A.C.5101:2-12-56, O.A.C. 5101:2-12-43, O.A.C. 5101:2-12-40,5101:2-12-50, 5101:2-12-66, 5101:2-12-26, and 5101:2-12-70, I recommend the Director issue an order REVOKING the Provider's license to operate a child day care center.
Independent of these findings, upon further finding that the Provider has consistently and repeatedly failed to comply with record-keeping requirements, in failing to keep records showing staff members have the required references, training, criminal background check, in-service education, medical clearances, and failing to post required emergency medical and dental telephone numbers where needed, failing to have adequate information for parents concerning communicable diseases, nutrition and lunches, and information about the Center's management, failing to keep a record of parent-teacher meetings, failing to maintain medical records concerning the children in the Center's care, and failing to post appropriate menus, in violation of O.A.C. 5101:2-12-08, R.C. 5104.012; O.A.C. 5101:2-12-29; O.A.C. 5101:2-12-30; O.A.C.5101:2-12-45; O.A.C. 5101:2-12-49; O.A.C. 5101:2-12-50; O.A.C.5101:2-12-55; O.A.C. 5101:2-12-58; O.A.C. 5101:2-12-64; O.A.C.5101:2-12-07; O.A.C. 5101:2-12-27; and O.A.C. 5101:2-12-63, I recommend the Director issue an order REVOKING the Provide's license to operate a child day care center.
Appellant does not challenge the evidence on these findings. By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only: This rule as generally applied is that, where there are two causes of action, or two defense, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded.
Hampel v. Food Ingredients Specialties, Inc. (2000), 89 Ohio St.3d 169,185, quoting H.E. Culbertson Co. v. Warden (1931), 123 Ohio St. 297,303.
With no objection or appeal on the other findings, we find this assignment of error to be moot.
 III
Appellant claims the hearing examiner erred in cutting short the hearing. We disagree. Specifically, appellant argues the hearing examiner unilaterally and without notice changed the schedule hearing from three days to two. At the conclusion of the first day of the hearing, the hearing examiner discussed with counsel the procedure for the remaining part of the hearing as follows: THE EXAMINER: We need to use the time in the morning for witnesses that may be out of order. My instructions will be that all witnesses be directed to attend tomorrow. In the event that we don't finish tomorrow, I am instructed under Administrative Rule5101:3-50-19 to continue from day to day until this is completed and I will do so in this case. We will continue until this case is over, even if it means going from Thursday to Friday to Monday to Tuesday and as a result, I am directing counsel, if you believe you are going to need a witness, that you shall have them here tomorrow.
September 30, 1999 T. at 298.
Appellant's counsel objected stating he had subpoenaed witnesses for what would have been the third day of the hearing. Id. at 298-300. Appellant's counsel concluded the discussion on the issue by stating "what I will do, everybody who is on the list, I will bring, and if they aren't here, I understand what your ruling is. If they aren't here tomorrow, they will forever hold their peace." Id. at 300. At the conclusion of the second day of the hearing, the following exchange occurred between the hearing examiner and counsel:
THE EXAMINER: Any other witnesses for the Provider?
MR. JOHNSON: I don't believe so.
 THE EXAMINER: Do you have any here today or there are no more witnesses here today; is that right?
 MR. JOHNSON: I do have other people here with me today but I don't think I want to call them.
 THE EXAMINER: Do you want to — we know for sure we are going to have to 11:00 to call them.
 MR. JOHNSON: In light of what has transpired today or been transacted today, I think not.
 THE EXAMINER: Do we need to meet at all tomorrow with other witnesses for the Provider?
MR. JOHNSON: Or for rebuttal purposes?
 THE EXAMINER: Well, first for the Provider, do you have any further witnesses?
MR. JOHNSON: None for our case in chief.
THE EXAMINER: Do we have any rebuttal from the State?
MS. ROBINSON-BOND: No your honor, I think not.
 THE EXAMINER: So we are actually at the conclusion of — first I want to address the exhibits the Provider has to offer, if you care to do that. We may be able to wrap this up today, if that's satisfactory.
MR. JOHNSON: It is to me too.
October 1, 1999 T. at 275-276.
Although appellant's counsel appeared to be unable to comply with the hearing examiner's request at the end of the first day, he nevertheless was done on the second day as the record indicates. Upon review, we find no denial of presentation of evidence by the hearing examiner. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.