[Cite as *State v. McCoy*, **2015-Ohio-5195.**]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 15-CA-58 |
| CHARLES MCCOY | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 04CR380

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 8, 2015

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant


KENNETH W. OSWALT                       CHARLES MCCOY, PRO SE
Licking County Prosecutor               #488128
20 S. Second Street, Fourth Floor       c/o London Correctional Institution
Newark, Ohio 43055                      P.O. Box 69
                                        London, Ohio 43140

*Hoffman, J.*

**{¶1}** Defendant-appellant Charles McCoy appeals the July 8, 2015 Judgment Entry entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In 2005, Appellant was convicted of attempted murder, attempted robbery, and kidnapping. Appellant filed a direct appeal from his conviction in *State v. McCoy,* Licking 05-CA-29, 2006-Ohio-56.

**{¶3}** On March 4, 2013, Appellant filed a Motion Requesting Corrective Sentencing in accordance with R.C. 2941.25. The trial court denied the motion via Judgment Entry entered July 10, 2013. This Court affirmed the trial court's July 10, 2013 Judgment Entry on appeal in *State v. McCoy*, Licking App. No. 13 CA 63, 2013-Ohio-5007.

**{¶4}** On May 28, 2015, pursuant to Criminal Rule 33, Appellant filed a motion for new trial. The trial court denied the motion via Judgment Entry entered July 8, 2015.

**{¶5}** Appellant appeals, assigning as error:

**{¶6}** "I. THE LICKING CO. COURT OF COMMON PLEAS FAILED TO RECOGNIZE DEFENDANT'S NEWLY DISCOVERED EVIDENCE OF A FALSIFIED VOLUNTARY STATEMENT FOR POLICE BY AN EYE-WITNESS, HEATHER A. BONIFANT, IN THE FORM OF HER OWN ADMISSION TO HER CIVIL ATTORNEY DOCUMENTED IN HER ANSWER IN MCCOY V. MAY, (2014) PRODUCED AND ATTACHED TO HIS INITIAL MOTION REQUESTING A NEW TRIAL UNDER CRIM. R.33(A) AND (B) AND MADE AVAILABLE TO THE COURT FOR ITS NON-ORAL

HEARING. THIS CONSTITUTED GROUNDS UNDER CRIM. R. 33 (A) (1), SUPPORTED BY §R.C. 2945.79 (A), (B), (F) FOR A NEW TRIAL. THE DEFENDANT HAD ALSO SUPPLIED THE COURT WITH COPIES OF BONIFANT'S FALSIFIED VOLUNTARY STATEMENT FOR POLICE AND HIS ACTUAL JUDGMENT ENTRY FROM HIS SENTENCING SO TO SHOW THE MANIFEST CONTRADICTIONS AND DISCREPANCIES. SEE, MCCOY V. BONIFANT, #15CA8 (REMANDED BY THE 5TH DISTRICT COURT). CURRENTLY PENDING BACK BEFORE THE COURT OF COMMON PLEAS, #14CV1083.

{¶7} "II. (A): THE LICKING CO. COURT OF COMMON PLEAS FAILED TO RECOGNIZE THE DEFENDANT'S NEWLY DISCOVERED EVIDENCE OF A DOCUMENTED ATTESTING TO PROSECUTOR MISCONDUCT BY THE PROSECUTING ATTORNEY KENNETH W. OSWALT DURING A §309.05 DEPOSITION HEARING IN 2014 WHERE HE DEPOSED BOTH MARCIA J. MCCOY AND PATRICIA J. MALONE. THIS WAS AN ADMISSION OF COMPLETE PROSECUTOR MISCONDUCT BY HIM PERSONALLY THAT HAD BEEN CAPTURED AND DOCUMENTED BY THE STENOGRAPHER, PRODUCED AND ATTACHED TO DEFENDANT'S INITIAL MOTION REQUESTING A NEW TRIAL UNDER CRIM. R. 33 (A) AND (B), SUPPORTED BY §2945.79 (A), (B), (F).

{¶8} "II. (B): THE LICKING CO. COURT OF COMMON PLEAS FAILED TO RECOGNIZE DEFENDANT'S NEWLY DISCOVERED EVIDENCE EXPOSING, NOT JUST THE IRREGULARITIES OF USING A COMPETENCY REPORT AGAINST A DEFENDANT AT TRIAL, BUT THE ILLEGALITIES OF IT AS WELL. THIS MISCONDUCT VIOLATED THE OHIO STATE STATUTE §R.C. 2945.371 (J). THIS IS

APART OF THE TRIAL TRANSCRIPTS. THIS HAD OCCURRED DURING KENNETH W. OSWALT'S LINE OF QUESTIONING WITH THE DEFENDANT WHILE HE WAS ON THE STAND TO DEFEND HIMSELF FROM THE OVER INDICTMENT BY THE STATE.

I. and II.

**{¶9}** Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶10}** Ohio Criminal Rule 33 governs motions for new trials, and reads,

(A) Grounds

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the

verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**(B) Motion for new trial; form, time**

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶11}** The trial court's July 8, 2014 Judgment Entry found Appellant's motion for new trial untimely as it was not filed within fourteen days of the verdict, or in the case of newly discovered evidence, within 120 days. Second, the trial court concluded Appellant had not been unavoidably prevented from timely discovering the asserted "newly discovered" evidence and filing the motion. Third, the trial court found the motion for new trial was procedurally deficient in that it did not include any affidavits in support.

**{¶12}** By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only. *Hampel v. Food Ingredients Specialties, Inc.* (2000), 89 Ohio St.3d 169, 185, 729 N.E.2d 726, quoting *H.E. Culbertson Co. v. Warden* (1931), 123 Ohio St. 297, 303, 175 N.E. 205. We find the trial court properly denied Appellant's motion for new trial as Appellant did not demonstrate he was unavoidably prevented from discovering any alleged new evidence. Accordingly, because the trial court properly denied the motion for new trial as being untimely. Appellant's assignments of error are overruled.

{¶13} The July 8, 2014 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur