[Cite as *Cincinnati v. Triton Servs., Inc.*, 2022-Ohio-3832.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NO. C-210475 |
| A MUNICIPAL CORPORATION, | | TRIAL NOS. A-1405757 |
| | : | A-1500905 |
| Plaintiff-Appellee, | | |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| TRITON SERVICES, INC., | | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 28, 2022

*Taft Stettinius & Hollister LLP* and *Joseph C. Neff,* for Plaintiff-Appellee,

*Stites & Harbison, PLLC*, and *Willian G. Geisen*, for Defendant-Appellant.

**Bock, Judge.**

{¶1}    Defendant-appellant Triton Services, Inc., ("Triton") appeals the trial court's judgment in favor of plaintiff-appellee city of Cincinnati ("the city"). Triton asserts that the trial court erred by precluding witness testimony, failing to properly instruct the jury, and refusing to allow the jury to determine whether the city waived strict compliance with the contract's notice provisions.

{¶2}    Because we find that the "two-issue" rule applies, any alleged error is rendered harmless. Therefore, we affirm the trial court's judgment.

## I.    Facts and Procedure

### A.    The parties contracted for sewer work

{¶3}    In July 2011, Triton and the city entered into a contract whereby Triton was to serve as the general contractor on a project to replace sewers ("sewer project"). The contract incorporated a bid booklet, the State of Ohio Department of Transportation Construction and Material Specifications ("ODOT CMS"), and the city's supplement to the ODOT CMS ("city supplement").

{¶4}    The bid booklet incorporated a geotechnical report that stated, "excavations for the sewer are anticipated to primarily encounter cohesive soils interbedded occasionally with cohesionless soils." The report stated that most of the test borings contained no water. The bid booklet stated that Metropolitan Sewer District ("MSD") did not guarantee or warrant "the accuracy, reliability, or correctness" of the geotechnical report.

{¶5}    Soon after Triton began work, it encountered differing soil conditions, such as sloughing soils, trench cave-ins, excessive groundwater, and extremely wet conditions, which caused Triton to incur unanticipated expenses.

**{¶6}** The contract provided that if Triton encountered conditions that materially differed from either the contract documents or from conditions ordinarily encountered and generally inherent in this type of work, Triton was required to notify the city's engineer before the conditions were disturbed. Moreover, Triton had to provide "written notice of any circumstance or dispute on the project that may result in a claim. Give early notice by the end of the second working day following the discovery of the occurrence of the circumstance or dispute." The contract warned, "[f]ailure to give early notice or keep and submit cost records will be a sufficient reason for the City to deny the claim."

**{¶7}** The contract contained a mandatory-dispute-resolution process that had to be exhausted before Triton could bring a claim. The parties could not proceed to the next tier of the process until the previous tier was complete:

1. Step 1 of Dispute Resolution (Project Level): The Construction Engineer will meet with the Contractor's Superintendent within two working days of receipt of any early notice. They shall review all pertinent information and * * * negotiate an equitable settlement * * *. If settlement is not achieved, the dispute is moved to Step 2.

2. Step 2 of Dispute Resolution (Principal Engineer Level): * * * [R]equest a meeting with the Principal Construction Engineer within five working days of completion of Step 1. * * * The City and Contractor's personnel shall review the information * * * and negotiate an equitable settlement according to the Contract Documents. If settlement is not achieved, the dispute is moved to Step 3.

3

3. Step 3 of Dispute Resolution (City Engineer / Chief Engineer Level): Send the City / Chief Engineer a Notice of Intent to File a Certified Claim within 14 calendar days of the completion of Step 2. State in the notice the Contractor's request for a hearing on the claim or for an acceptable alternative dispute resolution technique.

{¶8} According to Triton, its director of site development, Brian Gessner, discussed the differing site conditions with city representatives, including Steve Jones, the city's supervising engineer for the sewer project. Triton asserted that Jones directed Gessner to submit all costs incurred due to differing site conditions at the end of the project.

{¶9} Triton submitted various change order requests ("COR") relating to unforeseen ground conditions. MSD approved all the CORs, except for COR #14, which was to recoup additional expenses due to undocumented, unsuitable ground conditions throughout the project, for a total of $534,321.65. The city denied COR #14 and refused to pay Triton for its claimed additional expenses caused by ground conditions throughout the project. COR #14, and the city's refusal to pay, is the subject of this appeal.

{¶10} There is no dispute that Triton did not provide early notice of the differing site conditions. But Triton asserts that it did not provide early notice because Jones had waived the early-notice requirement.

### B. Both parties sue

{¶11} The city sued Triton for unjust enrichment, breach of contract, and indemnification. Triton sued the city, the Hamilton County Board of County Commissioners, and MSD, alleging breach of contract and unjust enrichment due to

the city's refusal to approve COR #14. The city counterclaimed for breach of contract and a declaration that Triton must indemnify the city. The trial court consolidated the cases.

**{¶12}** Triton and the city resolved some claims and agreed to a bench trial. The trial court granted the city's motion for a directed verdict. Triton appealed the court's judgment. This court remanded the case for a new trial. *City of Cincinnati v. Triton Servs., Inc.*, 2019-Ohio-3108, 140 N.E.3d 1249 (1st Dist.).

**{¶13}** On remand, the court held a jury trial. The parties agreed to the following jury interrogatories:

1) Did Triton encounter differing site conditions throughout the [sewer] Project?

2) Was the City contractually obligated to compensate Triton for the differing site conditions encountered throughout the [sewer] Project?

3) If so, what sum of money, if any, would fairly and reasonably compensate Triton for its resulting damage?

**{¶14}** The jury returned a verdict in the city's favor. The jury interrogatories reflected that, though the jury found that Triton had encountered differing site conditions, the city was not required to compensate Triton. The interrogatories did not specify which contract provisions led the jury to its verdict.

**{¶15}** This appeal followed.

## II.    Law and Analysis

**{¶16}** Triton's three assignments of error assert that the trial court 1) erroneously precluded testimony involving damages, 2) failed to properly instruct the

5

jury that the city carried the burden of proof involving the early-notice provision of the contract, and 3) erroneously prohibited evidence regarding whether the city waived strict compliance with the contract's notice provisions.

{¶17} We overrule Triton's three assignments of error because we find that the two-issue rule applies and renders any alleged error harmless.

{¶18} "[W]hen there are two causes of action raising distinct issues and the jury returns a general verdict not tested by special interrogatories, a reviewing court will presume that the jury resolved all issues in favor of the successful party." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 46. Under this rule, if one dispositive issue is tried to a jury and is free from error, any error related to a separate issue would be harmless. *Id.*

{¶19} The rule also applies to separate defenses. When a defendant presents two separate defenses and a jury returns a general verdict, any error involving the second defense is harmless if the other is free from error. *See, e.g.*, *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 185, 729 N.E.2d 726 (2000). Therefore:

> [W]here there are two causes of action, or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded.

6

*Id.*, quoting *H.E. Culbertson Co. v. Warden*, 123 Ohio St. 297, 303, 175 N.E. 205 (1931).

**{¶20}** The city raised two independent defenses to Triton's claims: 1) Triton did not provide timely notice of its claims, and 2) Triton failed to comply with the contractual dispute-resolution process.

**{¶21}** The trial court instructed the jury on both defenses. But Triton's appellate brief made no argument about Triton's alleged failure to comply with the dispute-resolution process. It alleged error about rulings involving only the early-notice provision.

**{¶22}** After the city asserted the two-issue rule in its appellate brief, Triton argued in its reply brief that Jones had waived all the contractual provisions involving additional payment for differing site conditions. Triton also argued in its reply brief that the two-issue rule is inapplicable because there were not two "complete and independent issues" presented to the jury and the jury did not return a general verdict.

**{¶23}** Because Triton raised its argument involving Jones's alleged waiver of the dispute-resolution provisions for the first time in its reply brief, which it could have raised before the trial court and in its appellate brief, we need not consider that argument. *State ex rel. Am. Subcontractors Assn., Inc. v. Ohio State Univ.*, 129 Ohio St.3d 111, 2011-Ohio-2881, 950 N.E.2d 535, ¶ 40 ("[Relator's] new argument in its reply brief is forbidden.").

**{¶24}** Triton argues that, because the dispute-resolution process begins with early notice, the issues were not independent. We disagree. Triton is correct that step one of the dispute-resolution process presupposes that Triton provided early notice. But when Majid Samarghandi, Triton's owner and CEO, testified about engaging in

the dispute-resolution process, he admitted that Triton never got "out of step number 2" and it "did not go through" the third step of the three-step process.

{¶25} Because the dispute-resolution process is tiered—a party cannot proceed to step two or three without completing step one—step one presupposing early notice is irrelevant. The parties had already moved forward and engaged in step two, which did not involve early notice. In other words, because the parties had completed the only provision involving early notice, whether Triton gave early notice did not affect the remainder of dispute-resolution process or whether Triton violated the contract's dispute-resolution process.

{¶26} Triton also asserts that because there was not a general verdict, the two-issue rule cannot apply. We disagree.

{¶27} While the jury's verdict did bear some similarities to a special verdict in that the jury answered interrogatories, for the question at issue here (whether the jury's determination that the city was not obligated to pay Triton for expenses incurred due to differing conditions was based on lack of early notice or failure to comply with the dispute-resolution process), it was a general verdict. The questions posed to and answered by the jury did not permit this court to test the mental reasoning of the jury. After all, "[t]he two-issue rule is in essence a rule concerned with prejudice. 'An appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that * * * the error was prejudicial to him.' " *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 460-461, 709 N.E.2d 162 (1999). And when a party fails to raise any error involving a dispositive defense, and the jury's verdict and interrogatories do not test the jury's reasoning, the party fails to show that any other error was prejudicial.

**{¶28}** On appeal, Triton did not assert any error involving the jury's determination on the dispute-resolution process. The jury interrogatories did not test upon which of the two dispositive defenses the jury reached its verdict. Therefore, the two-issue rule applies. We must presume that the jury rendered its verdict in favor of the city based on Triton's failure to comply with the dispute-resolution process, rendering any other alleged error harmless.

### III.   Conclusion

**{¶29}** Because we find that the two-issue rule applies, any alleged error is harmless. Accordingly, we overrule Triton's assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.