[Cite as *State v. Cooley*, 2015-Ohio-3904.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CLARENCE COOLEY | : | Case No. 15-COA-012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
                                Case No. 14-TRC-8044

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               September 23, 2015

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ANDREW N. BUSH                        MATTHEW J. MALONE
1213 East Main Street                 10 East Main Street
Ashland, OH  44805                    Ashland, OH  44805

*Farmer, J.*

{¶1} On August 30, 2014, appellant, Clarence Cooley, was operating a motorcycle when he lost control and crashed, sustaining serious injuries. He was life-flighted to Cleveland MetroHealth Hospital. Ohio State Highway Patrol Trooper R. Kluever investigated the incident. After obtaining appellant's blood-alcohol concentration level via his medical records pursuant to R.C. 2317.02(B), Trooper Kluever charged appellant with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (f) and failure to control in violation of R.C. 4511.202.

{¶2} On November 25, 2014, appellant filed a motion to suppress, claiming an unreasonable search and seizure in violation of the Fourth Amendment in obtaining his blood-alcohol concentration level without a warrant via R.C. 2317.02(B) ("Privileged communications and acts") and R.C. 2317.022 ("Written requests from law enforcement officers to obtain test results of alcohol, drug, controlled substances, or metabolites of controlled substances from health care providers"). A hearing was held on January 6, 2014. By judgment entry filed March 3, 2015, the trial court denied the motion, finding "once the statute was complied with and the veil of privilege lifted as a result, obtaining the test results was not materially different from obtaining a public record or compelling production of the records via a subpoena duces tecum. There was simply not a search here."

{¶3} On March 3, 2015, appellant pled no contest to the R.C. 4511.19(A)(1)(a) charge and the failure to control charge. The R.C. 4511.19(A)1)(f) charged was nolled. On same date, the trial court found appellant guilty and sentenced him to one hundred

eighty days in jail, ninety days suspended.  A judgment order setting forth the no contest plea, guilty finding, and sentence was filed on March 27, 2015.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

I

{¶6}   Appellant claims the trial court erred in denying his motion to suppress. We disagree.

{¶7}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact.  In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial

court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8} Appellant's motion to suppress was predicated on a constitutional challenge to R.C. 2317.02(B)(2) and 2317.022, and Trooper Kluever's failure to obtain a warrant. Appellant argued the obtaining of his blood-alcohol concentration level via his medical records violated his Fourth Amendment right to unreasonable searches and seizures. In support of his arguments, appellant relied on the case of *State v. Little,* 3rd Dist. Auglaize No. 2-13-28, 2014-Ohio-4871.

{¶9} As noted by the trial court in its judgment order filed March 27, 2015, appellant did not enter a no contest plea to R.C. 4511.191(A)(1)(f), but to R.C. 4511.191(A)(1)(a), the non-per se statute. The trial court's ruling in denying the motion to suppress had no bearing on appellant's conviction under R.C. 4511.191(A)(1)(a).

{¶10} By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only:

> This rule as generally applied is that, where there are two causes of action, or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the

issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded.

*H.E. Culbertson Co. v. Warden,* 123 Ohio St. 297, 303 (1931).

{¶11} Any opinion on the arguments herein would be solely advisory. This court has made clear its reluctance to engage in the issuance of advisory opinions. See *State v. Brown,* 5th Dist. Stark No.1999CA00188, 2000 WL 94084 (Jan. 24, 2000).

{¶12} The sole assignment of error is denied.

{¶13} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGFsg 828