[Cite as *State v. Perry*, 2017-Ohio-7214.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-01-002 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 8/14/2017 |
| - vs - | | |
| | : | |
| SCOTT R. PERRY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM EATON MUNICIPAL COURT
Case No. 2016TRC00251


Martin P. Votel, Preble County Prosecuting Attorney, Gractia S. Manning, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Christopher A. Deal, 2541 Shiloh Springs Road, Dayton, Ohio 45426, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Scott R. Perry, appeals from the decision of the Eaton Municipal Court denying his motion to suppress. For the reasons outlined below, we affirm.

{¶ 2} At approximately 11:56 p.m. on Thursday, December 10, 2015, Perry sustained injuries after he was involved in a single-car accident near the address of 2197 Eaton-Lewisburg Road, Eaton, Preble County, Ohio. Shortly after the accident, Deputy Paul M. Plaugher with the Preble County Sheriff's Office arrived at the scene. Once there, Deputy

Plaugher came in contact with Perry who had a severe laceration to the top and side of his head. Deputy Plaugher also noticed the smell of alcoholic beverage on Perry's person. Perry later admitted to consuming four beers that day. It is undisputed that Perry was the driver of the vehicle involved in the single-car accident.

{¶ 3} Due to his injuries, Perry was transported to the hospital where he received medical treatment. This included taking Perry's blood at 12:40 a.m. on Friday, December 11, 2015, approximately one hour after the accident occurred. Perry was subsequently issued a citation by Deputy Plaugher that charged him with operating a vehicle while under the influence of alcohol in violation of both R.C. 4511.19(A)(1)(a) and (A)(1)(f), as well as for the failure to control his vehicle in violation of R.C. 4511.202.

{¶ 4} The next business day, Deputy Plaugher sent the hospital a written statement pursuant to R.C. 2317.02(B)(2)(a) requesting the release of certain medical records compiled during the course of Perry's treatment at the hospital. Pursuant to that statute, which is found under a provision entitled "privileged communications," R.C. 2317.02(B)(2)(a) states:

> If any law enforcement officer submits a written statement to a health care provider that states that an official criminal investigation has begun regarding a specified person or that a criminal action or proceeding has been commenced against a specified person, that requests the provider to supply to the officer copies of any records the provider possesses that pertain to any test or the results of any test administered to the specified person to determine the presence or concentration of alcohol, a drug of abuse, a combination of them, a controlled substance, or a metabolite of a controlled substance in the person's whole blood, blood serum or plasma, breath, or urine at any time relevant to the criminal offense in question, and that conforms to section 2317.022 of the Revised Code, the provider, except to the extent specifically prohibited by any law of this state or of the United States, shall supply to the officer a copy of any of the requested records the provider possesses. If the health care provider does not possess any of the requested records, the provider shall give the officer a written statement that indicates that the provider does not possess any of the requested records.

There is no dispute that Deputy Plaugher's request complied with the requirements of R.C.

2317.022.

{¶ 5} The hospital received Deputy Plaugher's request for Perry's medical records on December 17, 2015. Thereafter, on January 22, 2016, Perry's medical records obtained from the hospital by Deputy Plaugher were filed with the trial court. A review of Perry's medical records indicates Perry's blood alcohol content was above the legal limit at the time his blood was drawn shortly after the accident occurred.

{¶ 6} On March 11, 2016, Perry moved to suppress his medical records. In support of his motion, Perry argued that by filing such a request without first obtaining a search warrant, Deputy Plaugher "engaged in a fishing expedition in an effort to obtain information that may or may not prove to be evidence of a crime."

{¶ 7} On October 2, 2016, the trial court issued a decision denying Perry's motion to suppress. In so holding, the trial court first determined that R.C. 2317.02(B)(2)(a) "remains constitutional." The trial court then stated:

> Without determining that a warrant is required before law enforcement can request the medical records described in R.C. §2317.02, law enforcement, in this case, acted in good faith by following the statute.

{¶ 8} On December 14, 2016, Perry entered a plea of no contest to OVI in violation of R.C. 4511.19(A)(1)(a), which, unlike a "per se" violation, generally prohibits any person from operating a vehicle while under the influence of alcohol. In exchange for Perry's no contest plea, the state dismissed the other two remaining charges. After Perry entered his no contest plea, the trial court found Perry guilty as charged. The trial court sentenced Perry to serve ten days in jail, seven of which were suspended, and ordered Perry to pay a fine of $500, suspending $125 of that fine. Perry was also placed on one year of probation.

{¶ 9} Perry now appeals from the trial court's decision denying his motion to suppress, raising the following single assignment of error for review.

{¶ 10} THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS.

{¶ 11} In his single assignment of error, Perry argues the trial court erred by denying his motion to suppress.

{¶ 12} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. In turn, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Dugan*, 12th Dist. Butler No. CA2012-04-081, 2013-Ohio-447, ¶ 10. "'Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.'" *State v. Runyon*, 12th Dist. Clermont No. CA2010-05-032, 2011-Ohio-263, ¶ 12, quoting *Burnside*.

{¶ 13} This case presents a novel question of whether a law enforcement officer must obtain a search warrant before requesting a suspect's medical records in accordance with R.C. 2317.02(B)(2)(a). In support of this claim, Perry cites the Third District Court of Appeals' decisions in *State v. Clark*, 3d Dist. Hancock No. 5-13-34, 2014-Ohio-4873 and *State v. Little*, 3d Dist. Auglaize No. 2-13-28, 2014-Ohio-4871, both of which held a law enforcement officer must comply with the warrant requirement of the Fourth Amendment prior to obtaining medical records in accordance with R.C. 2317.02(B)(2). Stated differently, the Third District determined that, although constitutional, R.C. 2317.02(B)(2)(a) and R.C. 2317.022 do not authorize a warrantless search and seizure of a person's medical records where no

- 4 -

recognized warrant exception exists.

{¶ 14} However, because Perry pled no contest to OVI in violation of R.C. 4511.19(A)(1)(a), which, as noted above, generally prohibits any person from operating a vehicle while under the influence of alcohol, the trial court's decision to deny Perry's motion to suppress had no bearing on Perry's conviction for that offense. *State v. Cooley*, 5th Dist. Ashland No. 15-COA-012, 2015-Ohio-3904, ¶ 9. In other words, because Perry entered a no contest plea to OVI in violation of R.C. 4511.19(A)(1)(a), not R.C. 45119.19(A)(1)(f), the state did not need to prove Perry's blood alcohol content was above any prohibited blood alcohol level, thus rendering the results of the blood draw immaterial to the case at bar. Therefore, while we believe this case presents an interesting legal question that should, most importantly, be resolved by the Ohio Supreme Court, we decline to issue what would essentially be an improper advisory opinion. That is particularly true here considering Perry did not provide this court with a transcript of either his plea or sentencing hearings. Therefore, because we must presume the regularity of the proceedings before the trial court that led to Perry's conviction, Perry's single assignment of error is without merit and overruled.

{¶ 15} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.